Edna M. Gilbertson v. Commissioner.
Gilbertson v. Commissioner
Docket No. 23510.
United States Tax Court
1951 Tax Ct. Memo LEXIS 186; 10 T.C.M. (CCH) 594; T.C.M. (RIA) 51192; June 20, 1951
*186 Charles H. Davis, Esq., 539-545 Plymouth Bldg., Minneapolis, Minn., and John J. Doherty, Esq., for the petitioner. Thomas A. Steele, Jr., Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined deficiencies as follows: Year
Kind of Tax
Deficiency
1943
Income and Victory
$134.95
1944
Income
99.00
1945
Income
99.00
1946
Income
85.00
1947
Income
82.00
The sole issue is whether certain amounts received by petitioner from her divorced husband during the calendar years 1942 through 1947 constituted income to her under section 22 (k), Internal Revenue Code. The facts are stipulated in part, the stipulation being incorporated herein as part of our findings of fact. Findings of Fact Petitioner resides at No. 232 Sheridan Avenue South, Minneapolis, Minnesota, and filed her returns for the years here involved with the collector of internal revenue for the district of Minnesota, at St. Paul, Minnesota. Petitioner obtained a divorce from her husband, Ralph E. Gilbertson, under a judgment and decree of the District Court, Fourth Judicial District, of the *187 State of Minnesota, dated November 23, 1938. The judgment and decree provided in part, pursuant to stipulation of the parties: "2. That plaintiff be awarded the sole custody and control of the minor child of the parties hereto, to-wit: Geraldine May Gilbertson. * * *
"4. That defendant pay plaintiff the sum of $60.00 per month as and for permanent alimony and support money, such payments to be made on or before the 10th day of each calendar month from the date hereof, and said payments to continue until the plaintiff remarries and until said minor child reaches the age of Eighteen (18) years." Petitioner and her former husband, Ralph E. Gilbertson, have a daughter, Geraldine May Gilbertson, who was aged 18 at the date of the hearing, October 24, 1950. In 1940 petitioner and her former husband, Ralph E. Gilbertson, agreed that the payments ordered should thereafter be reduced to $10 per week. He paid her the following amounts during the taxable years: 1942 $520
1943
500
1944
480
1945
480
1946
480
1947
480
On his income tax return filed for each of the calendar years 1942 to 1947, petitioner's former husband, Ralph E. Gilbertson, claimed and *188 was allowed a $500 deduction for alimony allegedly paid to petitioner, his former wife. Petitioner did not report any income from alimony received from her former husband, Ralph E. Gilbertson, on the original return filed by her for each of the calendar years 1942 to 1947. Some time prior to the date that she received the notice of deficiency petitioner voluntarily visited the collector's office and filed amended income tax returns for the years herein involved. On these returns she reported that during each of the taxable years she had received $500 from her former husband as alimony and support money. Deficiency notice for the years herein involved was mailed March 9, 1949. On April 6, 1949, petitioner filed the following affidavit with the District Court, Fourth Judicial District, of the State of Minnesota: "Edna M. Gilbertson, being first duly sworn, deposes and says: "That she is the Plaintiff in the above-entitled proceeding. "That the daughter of the parties hereto, Geraldine May Gilbertson, is under eighteen (18) years of age and living with the Plaintiff. "That affiant verily believes that the Sixty Dollars ($60.00) per month permanent alimony and support money *189 awarded by this Court, in a Judgment and Decree of Divorce, in the above-entitled action, dated November 23, 1938, was intended by the parties hereto to be allotted as follows: Forty Dollars ($40.00) per month for support money for their daughter, and Twenty Dollars ($20.00) per month for alimony and support money for the Plaintiff; and that, since the date of said Judgment and Decree, the Plaintiff has actually allotted said alimony and support money on the basis above stated. "Further affiant saith not, save that this Affidavit is made in connection with a Motion to this Court for an Order Amending said Judgment and Decree so as to allot specifically said permanent alimony and support money on the basis set out above, and to make such Order retroactive to the date of said Judgment and Decree. "Edna M. Gilbertson." On April 25, 1949, petitioner and her former husband filed the following stipulation with the District Court, Fourth Judicial District, of the State of Minnesota: "Whereas, there is now pending in the above-entitled Court a motion to amend the Judgment and Decree in this action so as to specifically allot the Sixty Dollars ($60.00) per month alimony and support *190 money awarded in said Judgment and Decree on the following basis: Forty Dollars ($40.00) per month for the support of the daughter of the parties to this action, and Twenty Dollars ($20.00) per month for permanent alimony and support money for the Plaintiff herein; and, "Whereas, prior to the granting of the Judgment and Decree in this action, the parties hereto entered into a written Stipulation, now a part of the Record in this action, wherein the Defendant agreed to pay to the Plaintiff Sixty Dollars ($60.00) per month alimony and support money, and it was the intention of the parties at that time that said Sixty Dollars ($60.00) was to be allotted and utilized on the 40-20 basis, as set out in the said Motion pending herein; and, "Whereas, about a year subsequent to the date of the Judgment and Decree in this action, the parties hereto orally and mutually agreed that the Defendant would pay to the Plaintiff Forty Dollars ($40.00) per month thereafter for the support of their daughter, and that the amount would constitute full and complete satisfaction of the alimony and support money due the Plaintiff from the Defendant according to said Judgment and Decree; and, "Whereas, *191 the said oral agreement has been carried out to the complete satisfaction of both parties to the action since the time of said agreement, "NOW, THEREFORE, the parties to this action hereby stipulate and agree that Section 4 of the said Judgment and Decree should be amended by deleting the award of Sixty Dollars ($60.00) per month permanent alimony and support money to the Plaintiff, and, in lieu thereof, awarding Forty Dollars ($40.00) per month support money for the Defendant's contribution to the support of the daughter of the parties hereto, - the remainder of the said Section 4 of said Judgment and Decree to be unaffected, and said amendment to be made retroactive to the date of said Judgment and Decree. "Dated: April 22, 1949. "Edna M. Gilbertson Plaintiff Ralph E. Gilbertson Defendant" On April 25, 1949, the District Court, Fourth Judicial District, of the State of Minnesota, entered an order amending the judgment and decree in the cause of Edna Gilbertson v. Ralph E. Gilbertson as follows: "ORDERED: That Section 4 of the Judgment and Decree entered in the above cause be amended by deleting the words '$60.00 per month as and for permanent alimony and support money' *192 and inserting, in lieu thereof, $40.00 per month as and for support money for the Defendant's contribution to the support of the daughter of the parties hereto.' "IT IS FURTHER ORDERED: That the amendment be made retroactive to the date of said Judgment and Decree." Opinion Respondent determined that the payments here in question received by petitioner from her divorced husband are taxable to her under section 22 (k) of the Internal Revenue Code. That section provides that certain payments received by a divorced or legally separated wife from her former husband shall be includible in the gross income of such wife. It also provides that: "* * * This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *" Petitioner contends that the amounts here in question were payable for the support of the minor daughter of herself and her divorced husband and hence are not taxable to her under section 22 (k). The original divorce decree of November 23, 1938, awarded *193 custody of the minor daughter to petitioner and provided that petitioner's divorced husband was to pay petitioner: "* * * the sum of $60.00 per month as and for permanent alimony and support money, such payments to be made on or before the 10th day of each calendar month from the date hereof, and said payments to continue until the plaintiff remarries and until said minor child reaches the age of Eighteen (18) years." Respondent points out that this decree failed to allocate the portion of the monthly payments, if any, that were to be applied to the support of petitioner's minor daughter, and therefore he contends that the payments are taxable to petitioner. He cites Regulations 111, section 29.22(k)-1, which provides in part: "* * * If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 22 (k). * * *" Respondent also cites, on this point, Dora H. Moitoret, 7 T.C. 640, and other cases. In the Moitoret case *194 the separation agreement, confirmed by interlocutory and final divorce decrees, provided that the taxpayer wife should be paid by her husband "for her care and support and the care and support of * * * minor children, the sum of $250.00 each month." This Court held that, there being no specific designation of the portion allowable to the support of the children, the entire amount of the payments was taxable to the wife. Petitioner contends that the above-cited regulation, the Moitoret case, and the other cases cited by respondent on this point, are not controlling. She relies on the fact that on April 25, 1949, pursuant to a stipulation signed by petitioner and her former husband, the Minnesota court which had granted the divorce ordered that the divorce decree be amended by deleting the words $60.00 per month as and for permanent alimony and support money" and inserting, in lieu thereof, "$40.00 per month as and for support money for the defendant's contribution to the support of the daughter of the parties hereto" and that the amendment be made retroactive to the date of the original divorce decree, November 23, 1938. Respondent objected to the receipt in evidence of a copy of *195 the order amending the original divorce decree and we reserved ruling on this point. We now rule that it be received in evidence. Petitioner argues that the 1949 nunc pro tunc order, allocating $40 per month as support money for her daughter, establishes the payments here in question for 1942 through 1947 as paid for the support of the daughter under a specific allocation and hence not includible in petitioner's gross income. Respondent contends that the taxability of the payments here in question can not be controlled by the nunc pro tunc order. He relies principally on Robert L. Daine, 9 T.C. 47; aff'd (C.A. 2, 1948), 168 Fed. (2d) 449, and Peter Van Vlaanderen, 10 T.C. 706; aff'd (C.A. 3, 1949), 175 Fed. (2d) 389. In the Daine case the taxpayer and his wife voluntarily separated and entered into an agreement on January 1, 1940, providing for the payment of $900 a month by the taxpayer to his wife. On May 11, 1944, a second agreement was entered into by the parties. Subsequently, a legal suit for separation was commenced and on July 1, 1944, a decree of separation rendered and entered nunc pro tunc as of January 1, 1940, approving *196 both agreements as incident to the decree. This Court held, the Court of Appeals, Second Circuit, affirming, that payments made by the taxpayer to his wife in 1942 and 1943 were not deductible from his gross income under section 23 (u), the decree nunc pro tunc being ineffective to transform the payments made in 1942 and 1943 under the voluntary separation agreement to payments made in discharge of a legal obligation imposed under the decree or under a written instrument incident to the decree. As the Court of Appeals, Second Circuit, stated, "the decree attempted to record a decree of separation as of January 1, 1940, when in fact there was no decree of separation until July 1, 1944." Even if such a nunc pro tunc order were effective under state law, the Court of Appeals said, "it is clear that the retroactive judgments of state courts do not determine the rights of the Federal Government under its tax laws". In Peter Van Vlaanderen, supra, the taxpayer was divorced by his wife in 1919. In 1920 the divorce decree was modified to provide, inter alia, that the taxpayer pay his wife $30 weekly for her support. In 1941 the wife became ill and the taxpayer, in response to *197 her requests, paid his wife $100 weekly in 1942 and 1943 and thereafter. In 1946 the New Jersey court which had rendered the divorce decree amended the 1920 modified decree, nunc pro tunc, to provide that the taxpayer pay his wife $100 weekly for her support from June 30, 1942, until further order. The Tax Court, the Court of Appeals, Third Circuit, affirming, found the Daine case, supra, controlling, and held that the excess of the payments of $100 weekly over the $30 weekly fixed by the 1920 decree was not made under any decree and hence was not deductible by the taxpayer under section 23 (u), the retroactive order being ineffective to change the facts as they actually existed during the taxable years. Petitioner urges that the Daine and Van Vlaanderen cases are distinguishable from the instant case in that in those cases the taxpayers were "attempting to effectuate by the retroactive order a legal proposition which actually did not exist at that prior time," whereas here "petitioner is not attempting to effectuate by her nunc pro tunc order something which did not exist as a legally binding proposition, or did not exist as a part of the decree of divorce during the tax years herein *198 involved". According to petitioner, it was the intention of herself and her husband at the time the divorce decree was granted in 1938 that payments of $40 per month be allotted for the support of the child. She points to the stipulation signed by herself and her husband on April 22, 1949, to the effect that this was their original intention. She maintains that the nunc pro tunc order of April 25, 1949, merely clarifies the ambiguity in the original divorce decree to accord with this original intention. Therefore, she contends that the payments here in question of approximately $40 per month were specifically designated for the support of the child in 1938 and are accordingly not includible in her, petitioner's, gross income. We think this reasoning not tenable. It is beyond dispute that no specific allotment for the support of the child "in terms of an amount of money or a portion of the payment," as required by section 22 (k), was made in the original divorce decree. It is also beyond dispute that the payments here in question, made during the years 1942 through 1947, were made pursuant to the original divorce decree. Therefore, petitioner, in attempting by the nunc pro tunc order *199 to establish in the original divorce decree a specific allotment for the support of the child of $40 per month is attempting to effectuate something which "did not exist as a legally binding proposition and did not exist as a part of the decree of divorce during the tax years herein involved." Such a nunc pro tunc order, under the rationale of the Daine and Van Vlaanderen cases, can not bring payments which were not, when made, within the coverage of the clause in section 22 (k) we have quoted, within the coverage of that clause retroactively. Nor is the evidence conclusive that the parties had always regarded the payments of $40 per month as made for the support of the daughter. The facts show that during the taxable years herein involved, 1942 through 1947, petitioner's former husband claimed and was allowed a $500 annual deduction for alimony allegedly paid to petitioner. In other words, he treated the payments herein as alimony, not as support money for the daughter. Similarly, petitioner herself, in her amended returns for the years herein involved, reported that she had received $500 annually from her former husband as alimony. Following Dora H. Moitoret, supra, *200 Robert L. Daine, supra, and Peter Van Vlaanderen, supra, we accordingly hold that the payments here in question received by petitioner from her former husband are includible in her gross income under section 22 (k), Internal Revenue Code, for the years here involved. Decision will be entered for the respondent.