Charles B. Hicks v. Commissioner.
Hicks v. Commissioner
Docket No. 26730.
United States Tax Court
1953 Tax Ct. Memo LEXIS 204; 12 T.C.M. (CCH) 700; T.C.M. (RIA) 53216; June 19, 1953
Hubert A. McBride, Esq., and J. S. Allen, Esq., for the petitioner. R. E. Maiden, Jr., Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The respondent determined a deficiency of $114.01 in income tax against petitioner for 1947, by increasing a deduction for alimony payments from $900 to $1,800 and disallowing exemptions aggregating $1,500 for three children. The respondent alleged in his answer that he erred in increasing the deduction claimed for alimony payments and asks that the deficiency be increased by $183.09 to $297.09. The issues are whether petitioner is entitled to (1) a deduction of $900 or $1,800 for alimony payments, and (2) credits of $1,500 for dependency of his three children. *205 Findings of Fact The petitioner, now a resident of Memphis, Tennessee, filed his return for 1947 with the collector for the district of Alabama. In December 1945 the petitioner and his former wife, Elizabeth W. Hicks, were divorced pursuant to a decree entered by a court of Kentucky. The court included in the decree of divorce an agreement entered into by the parties on August 15, 1945, containing the following provision: "1. Defendant will pay to the plaintiff for her maintenance and support and for the maintenance and support of their three children the sum of One Hundred and Fifty ($150.00) Dollars per month, the first payment of Seventy-five ($75.00) Dollars shall be due and payable on the 15th of August, 1945, the next payment of the same amount to be due and payable on the first of September, 1945, and there-after said payments shall be due and payable on the 15th and lost [last] of each month. In the event plaintiff should remarry, all payments to her shall cease, and it is agreed that payments to said children shall be at the rate of Seventy-five ($75.00) Dollars per month, which amount defendant agrees to pay to plaintiff for their support as is above mentioned. *206 " Other provisions of the agreement gave the care, custody and control of the children to the wife with the right of petitioner to see them at any reasonable time; contained a release by petitioner of the interest he had in furnishings in the home in which they resided; required petitioner to pay the premiums on a total of $7,700 of life insurance naming the children or the survivor of them as beneficiaries and a release by the wife of further claims for alimony, maintenance or support, and declared the purpose of the instrument to be a final settlement of all property rights growing out of the marital relation. During the taxable year petitioner paid to his former wife under the decree the amount of $1,800. At that time the three children were five, eight and nine years of age, respectively. The gross income of petitioner in 1947 was $4,800. At the time of the divorce, petitioner, at the request of his former wife, conveyed to her father, J. H. Whaley, a vacant lot of little or no value because of zoning restrictions on improvements on the property, and some war bonds. Promptly after the divorce Elizabeth went to Nashville, Tennessee, the place of residence of her father, who *207 was at that time and had been for many years, the publisher of a lumber trade magazine, a business from which he derived considerable income. To provide Elizabeth and her children with a suitable place in which to live, Whaley built a home for them in Nashville at a cost to him of between $15,000 and $16,000 and gave the property to his daughter. Elizabeth and her children lived in the house during the taxable year. The children were in different schools in 1947, to take them to and from which Whaley bought his daughter an automobile. During 1947 Whaley contributed about $3,300 to his daughter for support of herself and her three children, exclusive of the automobile and gifts to the children. Elizabeth had no income in 1947 other than contributions from her father and alimony payments from petitioner. The expense of support of the children in 1947 was about $2,500. Whaley claimed the children as dependents in the return he filed for 1947. The three children were with petitioner and his present wife in Jasper, Alabama, for about five weeks in July and August, 1947, during which period petitioner bore the expense of their food, including milk at a cost of $16.92. Throughout 1947 *208 petitioner made direct expenditures of about $83 for wearing apparel, medicine and gifts for the children, and paid $134.54 on life insurance policies in which the children were designated as beneficiaries. Opinion The position taken by petitioner on brief is that the original determination of the respondent, in which he allowed an alimony deduction of $1,800 and denied allowance of expemptions for the children was correct, but if we should sustain the present contention of respondent that only $900 of the alimony is deductible, then he is also entitled to the dependency exemptions. Any part of the $1,800 not includible in the income of the former wife under section 22 (k) on account of being payable for support of the children is not deductible by petitioner as alimony under section 23 (u). The difference between the parties is whether the agreement made a part of the divorce decree fixes $900 as an amount payable for support of the children. The problem requires a construction of the agreement as a whole. Robert W. Budd, 7 T.C. 413, affd. 177 Fed. (2d) 198; Warren Leslie, Jr., 10 T.C. 807. The agreement was a final settlement of property *209 rights growing out of the marriage relationship. Under its provisions the former wife was to be paid for the support of herself and the children $150 per month until she should remarry, and thereafter $75 per month for the support of the children. The parties thus recognized two obligations, one to all of them that would prevail until the former wife should remarry, and the other to only the children following any remarriage. The provision discloses a purpose to regard one-half of the total as a payment for support of the children. The testimony supports such a conclusion. The former wife testified that at the time the agreement was entered into she and petitioner had an understanding that one-half of the total amount payable to her by petitioner was for support of herself and the other one-half was for maintenance of the children. That petitioner so construed the agreement is indicated by his action in claiming in his return no more than $900 for alimony payments. He was of the same opinion when filing his original petition, for he alleged theren that the intent of the parties to the agreement was that the first payment of $75 each month should be for support of the children. The *210 testimony of petitioner at the hearing does not contradict the intent so previously expressed by him. Considering the agreement as a whole in the light of the construction placed upon it by the contracting parties, we conclude that $900 of the amount paid to the former wife in 1947 was designated for support of the children. It follows that the amount deductible under the provisions of section 23 (u) of the Code is $900. Petitioner's burden under the exemption issue for dependents was to establish that more than one-half of the support of the children was received from him. Section 25 (b) (3) of the Code. Petitioner claims no more than $1,130.21 as payments for support of the children, exclusive of the $900 paid to his former wife for support, which amount can not be regarded as a payment for support of any dependent, Section 23 (b) (3) of the Code; Richard P. Prickett, 18 T.C. 872. He has no knowledge of the actual cost of support of the children. The chief support of the family was supplied by Whaley, whose contributions therefor in 1947 were about $3,300. He and his daughter testified that the actual expenditures made in 1947 for support of the children were about *211 $2,500. In addition thereto, the mother of the children provided the home in which the dependents lived, she having acquired it as a gift from her father after obtaining the divorce. It thus appears that more than one-half of the support of the children was not received from petitioner. The respondent is sustained on this issue. Decision will be entered for the respondent.