## ROBERT W. BUDD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8829.    Promulgated July 30, 1946.

*T. G. Thompson, Esq.*, for the petitioner.
*Howard Kohn, Esq.*, for the respondent.

416

OPINION.

KERN, *Judge*: The narrow issue presented by this proceeding is whether the $2,400 disallowed as a deduction by respondent is a "periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children" of petitioner within the meaning of section 22 (k) of the Internal Revenue Code, which, together with Regulations 111, section 29.22 (k)–1 (*d*), are set out in the margin.[3]

If paragraph (3) of the separation agreement, which we have set out in our findings, stood by itself, we would have no hesitancy in deciding that there was no periodic payment fixed thereby, "in terms of

---

[3] SEC. 22. GROSS INCOME.

     \*      \*      \*      \*      \*      \*      \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. \* \* \*

SEC. 29.22 (k)–1. (*d*) *Payments for support of minor children.*—Section 22 (k) does not apply to that part of any periodic payment which, by the terms of the decree or the written instrument under section 22 (k), is specifically designated as a sum payable for the support of minor children of the husband. The statute prescribes the treatment in cases where an amount or portion is so fixed but the amount of any periodic payment is less than the amount of the periodic payment specified to be made. In such cases, to the extent of the amount which would be payable for the support of such children out of the originally specified periodic payment, such periodic payment is considered a payment for such support. For example, if the husband is by terms of the decree required to pay $200 a month to his divorced wife, $100 of which is designated by the decree to be for the support of their minor children, and the husband pays only $150 to his wife, $100 is nevertheless considered to be a payment by the husband for the support of the children. If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 22 (k). Except in cases of a designated amount or portion for the support of the husband's minor children, periodic payments described in section 22 (k) received by the wife for herself and any other person or persons are includible in whole in the wife's income, whether or not the amount or portion for such other person or persons is designated.

an amount of money or a portion of the payment, as a sum which is payable for the support" of a minor child of petitioner, and therefore we would conclude that the full amount of the payment made to petitioner's wife in the taxable years (the sum of $6,000) would be deductible from petitioner's gross income pursuant to the provisions of section 23 (u) of the Internal Revenue Code.[4]

However, section (3) of the separation agreement is only one of many paragraphs contained therein. Any adequate consideration of the problem here presented requires a construction of the agreement as a whole, and the reading of each paragraph in the light of all the other paragraphs thereof. When the separation agreement which is here before us for consideration is so read, it seems to us apparent that, of the $6,000 paid by petitioner to a former wife during the taxable years pursuant to that agreement, the sum of $2,400 represented an amount fixed by the terms of the agreement, in the terms of an amount of $200 per month, as a sum payable for the support of petitioner's minor child, and we have so found.

On the issue presented we decide in favor of the respondent.

*Decision will be entered under Rule 50.*

---

[4] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions; * * *

* * * * * * *

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * *