WARREN LESLIE, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13853. Promulgated May 12, 1948.

*Louis D. Blum, C. P. A.*, for the petitioner.
*J. Richard Riggles, Jr., Esq.*, for the respondent.

## OPINION.

VAN FOSSAN, *Judge*: The question here presented is whether the sum of $3,600 paid by petitioner to his former wife, pursuant to a separation agreement entered into in contemplation of divorce, which agreement was ratified, approved, and adopted by the state court as part of its decree in the subsequent divorce action, and which agreement provides for the "personal support and maintenance [of the wife] and for the support and maintenance of the said children," is deductible in full, as contended by petitioner, or only in part, as contended by respondent, under the provisions of section 22 (k) of the Internal Revenue Code.

It has been held in previously decided cases that an "adequate consideration of the problem here presented requires a construction of the agreement as a whole, and the reading of each paragraph in the light of all the other paragraphs thereof." *Robert W. Budd*, 7 T. C. 413. On the facts of that case, we held that the amount for the support of

the children was identifiable and the entire payment was taxable to the husband. In *Dora H. Moitoret*, 7 T. C. 640, we held that the amount or portion for the support of the children was not identifiable or separable, and that, since the decree or written instrument did not fix the amount payable by the husband for the support and care of the minor children, the entire payment was includible in the taxable income of the wife. Thus it is that each case depends upon its own facts and specifically on the terms and provisions of the decree or written instrument.

On careful study of the statute and the entire agreement, placing the several provisions of the agreement in appropriate juxtaposition, and considering the fact that the payment here involved was the minimum provided, thereby invoking in part the last quoted sentence of article seventh, we conclude, as did the Court of Appeals in *Budd v. Commissioner*, —— Fed. (2d) ——, in affirming our decision on very similar facts, that $2,400 out of the payment to the wife was "earmarked" for the support of the children. It follows that the Commissioner must be sustained. Secs. 22 (k) and 23 (u), I. R. C.

*Decision will be entered for the respondent.*