HENRIETTA S. SELTZER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40484.    Filed April 30, 1954.

*Harry Friedman, Esq.*, for the petitioner.
*A. Russell Beazley, Jr., Esq.*, for the respondent.

204

## OPINION.

BLACK, *Judge:* In her income tax return for 1948, petitioner did not include in her gross income any of the $1,440 which she received that year as alimony for herself and two minor children. However, at the hearing petitioner's counsel conceded that $360 of the amount received by petitioner is taxable to her.

Petitioner states the question involved in her brief, as follows:

The question involved is whether the sum of $90.00 of $120.00 a month, received by petitioner from her former husband, is earmarked as support of minor children of such husband, to relieve the petitioner from taxation thereon under the provisions of section 22 (k) of the Internal Revenue Code.

The applicable provisions of the Code [1] and Treasury regulations [2] are printed in the margin.

The decree of divorce herein provides:

that the defendant, MORRIS SELTZER, is hereby directed to pay to the plaintiff at her home or at any place hereinafter designated by the plaintiff on the 1st day of each month the sum of ONE HUNDRED TWENTY ($120) DOLLARS for the support and maintenance of the plaintiff and of the said children, HOWARD SELTZER and STEPHEN SELTZER. * * *

---

[1] SEC. 22. GROSS INCOME.

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *

[2] Regs. 111, sec. 29.22 (k)–1. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS—INCOME TO FORMER WIFE.—(a) *In general.*—Section 22 (k) provides rules for treatment in certain cases of payments in the nature of or in lieu of alimony or an allowance for support as between spouses who are divorced or legally separated under a court order or decree. * * *

(d) *Payments for support of minor children.*—Section 22 (k) does not apply to that part of any periodic payment which, by the terms of the decree or the written instrument under section 22 (k), is specifically designated as a sum payable for the support of minor children of the husband. * * *

It is clear from the divorce decree that some part of the $120 a month to be paid to Henrietta was intended for the support of the two minor children but the decree does not designate how much is to be used for that purpose. Certainly, if only the decree itself were to be considered respondent's determination should be sustained. See *Dora H. Moitoret*, 7 T. C. 640. In the *Moitoret* case, the separation agreement which was incorporated in the decree of divorce provided that the wife should be paid by the husband "for her care and support and the care and support of said minor children, the sum of $250.00 each month." Nowhere in the separation agreement or in the decree of divorce was there any indication as to how much of the $250 a month was intended for the support of the minor children. Under such state of facts, although Dora Moitoret testified that all of the $250 a month was used for the support of the minor children, we held that the entire amount received was taxable to Dora Moitoret under section 22 (k) of the Code. Respondent cites and strongly relies on that case.

Petitioner relies on *Robert W. Budd*, 7 T. C. 413, affd. 177 F. 2d 198. In the *Budd* case, the separation agreement provided, among other things:

and so long as Dorothy B. Budd shall remain single and unmarried, in the event a divorce is granted her, and in the interim until said divorce is heard and a decree entered, Robert W. Budd agrees to pay to Dorothy B. Budd the sum of Five Hundred ($500.00) Dollars per month for her support and/or alimony, and the support of Robert Ralph Budd until he is ready to enter college to complete his education.

The separation agreement then further provided:

(4) Should a divorce be granted Dorothy B. Budd and she should remarry, it is mutually agreed that the payment to Dorothy B. Budd for the maintenance, care, education and support of Robert Ralph Budd from and after her remarriage shall be Two Hundred ($200.00) Dollars per month until Robert Ralph Budd is ready to enter college.

The court adopted the separation agreement in its divorce decree. Our Court held the agreement must be read as a whole, and that when so read "it seems to us apparent that, of the $6,000 paid by petitioner to a former wife * * * the sum of $2,400 represented an amount fixed by the terms of the agreement, in the terms of an amount of $200 per month, as a sum payable for the support of petitioner's minor child, and we have so found." This decision was affirmed per curiam by the Court of Appeals for the Sixth Circuit in *Budd* v. *Commissioner*, *supra*, the court stating:

We agree with the Tax Court that in considering the separation instrument as a whole it becomes clear that of the $6,000 paid to the wife for the taxable year, a minimum of $200 per month is earmarked for the support of the petitioner's minor son.

We think the *Budd* case is distinguishable on its facts. In the instant case, article Third of the separation agreement which contains the provision:

(F) If the wife shall remarry, then, in that event, the husband shall pay to the wife the sum of Ninety ($90.00) Dollars per month for the support and maintenance of the sons.

was applicable only in the event that the parties be divorced or separated in any jurisdiction other than New York. In the instant case the parties were divorced by a Supreme Court of the State of New York. Article Third of the separation agreement, therefore, in our opinion never became operative and we fail to see how it can be given any effect in this proceeding.

We think it is significant that the divorce decree which was actually entered quoted extensively from article Second of the separation agreement which was applicable if the parties were divorced in New York State but did not quote any part of article Third which was to be applicable only if the parties were divorced by some court outside of New York State. Our findings of fact show that the New York divorce decree provided:

that the defendant, MORRIS SELTZER, is hereby directed to pay to the plaintiff at her home or at any place hereinafter designated by the plaintiff on the 1st day of each month the sum of ONE HUNDRED TWENTY ($120) DOLLARS for the support and maintenance of the plaintiff and of the said children, HOWARD SELTZER and STEPHEN SELTZER. * * *

Nowhere in the divorce decree itself is any part of the $120 a month designated for the support of the two minor sons. Nor do we think that when the divorce decree is read in connection with the separation agreement that it can be said that any part of the $120 monthly payments has been designated for the support of the two minor sons. The only provision of the separation agreement which, under certain circumstances would have had that effect under the doctrine of the *Budd* case, *supra*, was, as we have already said, paragraph (F) of article Third which was to be applicable only if the parties were separated or divorced outside of the State of New York. That did not happen. So far as we can see article Third of the separation agreement was not adopted in any manner as part of the divorce decree. Therefore, we think that the facts being as they are we could not hold under the doctrine of the *Budd* case, *supra*, that $90 of the $120 monthly payments was designated by the divorce decree or by a written instrument incident to such divorce for the support of the minor children.

We think we must hold under the doctrine of *Dora H. Moitoret*, *supra*, that none of the $120 a month payments which petitioner received in 1948 under the New York divorce decree was designated for the support of the minor children. That being so, all of the

$1,440 is taxable income to petitioner under section 22 (k) of the Internal Revenue Code and the applicable regulations.

Reviewed by the Court.

*Decision will be entered for the respondent.*