LEON MANDEL AND CAROLINA PANERAI MANDEL, HIS WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40567.   Filed October 18, 1954.

*Harry B. Sutter, Esq.,* and *C. Ives Waldo, Jr., Esq.,* for the petitioners.

*Edward L. Newberger, Esq.,* for the respondent.

86

OPINION.

Rice, *Judge:* The first issue raised herein is whether payments to petitioner's divorced wife for the support and maintenance of his two children, which were not taxable to the wife when the children were minors, became taxable to her and, hence, deductible to petitioner when the children reached their majority. The answer to the question presented must be found in the terms of the agreement pursuant to which the payments in issue were made.

The petitioner argues that the sums paid to Edna for the support of Noel and Leon, III, after they reached their majority, qualify in all respects with the requirements of section 22 (k) of the Internal Revenue Code of 1939; most important of which are that they were periodic payments made in discharge of a legal obligation which arose from the marital or family relationship, imposed by a written instrument incident to divorce.

We have set forth verbatim, in our findings, the third section of the agreement signed by petitioner and Edna on November 29, 1932.

It is apparent that their agreement went far beyond the provisions of an ordinary separation agreement. Petitioner not only undertook to provide support and maintenance for his wife until she remarried, and for his minor children until they reached their majority; he undertook to provide the children with a substantial monthly income for the rest of their lives. The petitioner, however, reserved options as to the specific manner in which payments for the children might be made. Generally, they were to be made to Edna, but if the children married or if, after becoming 21 years of age, they maintained residences separate and apart from Edna, then petitioner could make the payments directly to them. The agreement also provided that even after a child's 16th birthday, if he or she were married or lived apart from Edna, one-half of the amount for such child's support might be paid directly by petitioner to that child.

During the years in question, petitioner made all payments to Edna. However, none were for her support and maintenance since she had remarried in 1946. They were exclusively for the children. We think that, under the terms of the agreement, that part of the payments made to Edna, after Noel and Leon, III, became 21 years of age, were made to her only as a conduit through which petitioner paid monthly sums to his two children. Noel married prior to reaching her 21st birthday; she thereafter maintained her own home, separate and apart from her mother; and Edna in fact either paid to or for her sums equivalent to the amount received for her from petitioner, or caused one-half of petitioner's monthly checks to be deposited directly in Noel's bank account.

Leon, III, lived separate and apart from Edna after his 21st birthday; and, even prior thereto and always thereafter, she paid to him or caused to be deposited in his bank account the amounts received from petitioner for him.

Petitioner, obviously, could have paid the sums in question directly to his children. Every condition was present under which he could have exercised the option available to him. It is inconceivable to us that Congress could have intended that petitioner, by failure to exercise his option of making payments directly to the children, but instead to Edna, could impose tax liability on her at his discretion.

Moreover, we cannot believe Congress ever intended that payments to children throughout their lives, such as those here in question, even though provided for in a written agreement incident to divorce, should be taxable to the wife. Its purpose in adding sections 22 (k) and 23 (u) to the Internal Revenue Code of 1939 was to correct an inequitable situation, which it felt existed under then applicable law. Its intent

was expressed by the clear and direct language of the Report of the Committee on Ways and Means,[3] page 46:

### 5. Alimony and Separate Maintenance Payments.

The existing law does not tax alimony payments to the wife who receives them, nor does it allow the husband to take any deduction on account of alimony payments made by him. He is fully taxable on his entire net income even though a large portion of his income goes to his wife as alimony or as separate maintenance payments. The increased surtax rates would intensify this hardship and in many cases the husband would not have sufficient income left after paying alimony to meet his income tax obligations.

The bill would correct this situation by taxing alimony and separate maintenance payments to the wife receiving them, and by relieving the husband from tax upon that portion of such payments which constitutes income to him under the present law. * * * Moreover, the portion of such payments going to the support of minor children of the husband does not constitute income to the wife nor a deduction to the husband. * * *

In support of his position, petitioner relies on *Feinberg* v. *Commissioner*, 198 F. 2d 260 (C. A. 3, 1952); *Robert Lehman*, 17 T. C. 652 (1951); and *Robert Wood Johnson*, 10 T. C. 647 (1948). All of those cases are clearly distinguishable on their facts from the one here before us. In the *Lehman* case, we considered the question of the deductibility by the divorced husband of payments to his mother-in-law, pursuant to terms of an agreement between him and his former wife, that such payments were "for and in behalf" of the wife. We permitted the deduction there, saying, at page 653: "If the payments had been to a landlord, a grocer, or the like, there would be no question of them being taxable to [the wife]." Clearly, the payments here were not "for and in behalf" of Edna, but were specifically "for and in behalf" of Noel and Leon, III.

The *Johnson* case concerned only the question of whether unsegregated payments to the wife for the support of herself and her minor son were made pursuant to an agreement incident to the divorce. We concluded on the whole record that the payments were made pursuant to a written instrument executed as an incident to the divorce. In the final sentences of our Opinion, we stated, pages 654, 655:

It is true that the periodic payments here involved were for the support and maintenance of both petitioner's wife and their minor son. However, as we have found, there was no designation of the part of such periodic payments which was to be payable for the support of the minor child, *Dora H. Moitoret*, 7 T. C. 640; *Robert W. Budd*, 7 T. C. 413; affirmed without opinion, C. C. A., 6th Cir., June 10, 1947. *Moreover, prior to the tax years before us, petitioner's son had attained his majority.* * * * [Emphasis added.]

That language does not support the petitioner's claim herein. The question of whether a part of the payments made to the wife after the son reached his majority would be taxable to her was not presented,

---

[3] H. Rept. No. 2333, 77th Cong., 2d Sess. (1942).

and we do not consider that part of our Opinion quoted above as so holding.

The *Feinberg* case reversed this Court's holding that the payments there in question were not made pursuant to an agreement incident to a divorce. At the end of the Court of Appeals' opinion is found this statement, page 263:

There remains to be determined the question as to whether the entire amounts of the payments were properly deducted. * * * The Tax Court found that of the weekly payments of $75, $12.50 was allocated for the support of each of taxpayer's two children. Section 22 (k) provides that it does not apply to any periodic payment fixed "as a sum which is payable for the support of minor children of (the) husband." It is clear from the record that one of the taxpayer's children was a minor during at least a part of the period under consideration. Since the payments allocable to him after his twenty-first birthday would be deductible and those made before age twenty-one would not, it will be necessary for the Tax Court to determine the exact date of his birth. Robert Wood Johnson, supra.

It may be that payments to a wife, originally designated as being for the support of a minor child, which she is entitled to and does continue to receive after the child becomes of age, are taxable to her under section 22 (k). Cf. *Beulah Weil*, 22 T. C. 612. Certainly, the *Feinberg* case holds no more than that. And, it is obviously distinguishable from the case here because Edna had no undisputed right to receive the amounts in question, and they were not for her benefit.

The second issue, raised by the respondent's amended answer, is whether insurance premiums paid by petitioner in 1948 and 1949 are deductible by him under section 23 (u).

Petitioner argues that the premiums paid are deductible on two grounds: (1) As a matter of law, and (2) that the prior decision of this Court, in *Leon Mandel, supra*, operates as a collateral estoppel to respondent here.

It is clear that under *Commissioner* v. *Sunnen*, 333 U. S. 591 (1948), our prior *Mandel* decision does not operate as a collateral estoppel to prevent our consideration of the question presented. In the *Sunnen* case, the Supreme Court held that a change or development of the controlling legal principles, on which an earlier case was decided, precludes its operating as a collateral estoppel in a subsequent case involving the same issue. Since our decision, the Court of Appeals for the Seventh Circuit reversed a decision of this Court, wherein we held that the insurance premiums paid by petitioner, in 1942 and 1943 on the same policies as here, were taxable to Edna under section 22 (k). *Seligmann* v. *Commissioner, supra*. We have followed the rationale of the Court of Appeals in the *Seligmann* case in *Beulah Weil, supra; Raoul Walsh*, 21 T. C. 1063 (1954); and *Lilian Bond Smith*, 21 T. C. 353 (1953), on appeal C. A. 9, May 24, 1954, wherein we have recently considered this same issue. Obviously, this is a

significant change in controlling law, for deductions of payments by the husband under section 23 (u) are by statute made expressly dependent on the taxability thereof to the wife under section 22 (k).

In the *Seligmann* case, we held the premium payments in 1942 and 1943 taxable to Edna, principally on the ground that the policies were not deposited with the trustee as security for petitioner's payment of alimony. The Court of Appeals said that the grounds for our decision were too narrow, and based its reversal on the more fundamental issue of whether Edna actually realized taxable economic gain from the premium payments during the years there in question.

In the light of our decisions in *Beulah Weil, supra; Raoul Walsh, supra;* and *Lilian Bond Smith, supra,* we are satisfied that the Court of Appeals was right and that we were wrong in the prior *Mandel* and *Seligmann* cases decided by us.

In the *Smith* case, we said, pages 363, 364:

The petitioner did not make the premium payments in question and she did not actually or constructively receive the sums paid as premiums. Furthermore, she did not realize any economic gain during the taxable years from the premium payments. For example, any increase in the cash surrender or the loan value of the policy resulting from the premium payments inured to the benefit of the owner of the policy and not to the petitioner.

It is clear from the terms of the policy, and from the provisions of the separation agreement that the petitioner's rights under the policy are contingent on her death or remarriage. Under the terms of the policy, the petitioner or her estate is entitled to receive the proceeds only in the event the petitioner survives the insured. * * *

In this case, Edna had no right to receive any part of the principal amount of the policies—only the income therefrom—and that, only if she survived the petitioner. The premiums are not taxable to Edna under section 22 (k) and are therefore not deductible by petitioner under section 23 (u).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

