BEULAH WEIL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES S. WEIL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES S. WEIL AND ADREANA WEIL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43366, 43858, 50411. Filed January 14, 1955.

Charles Kurz, C. P. A., for the petitioner Beulah Weil.

Hiram S. Gans, Esq., for the petitioners Charles S. Weil and Adreana Weil.

Richard G. Maloney, Esq., for the respondent.

SUPPLEMENTAL OPINION.

HARRON, *Judge:* The original report in these proceedings is found in 22 T. C. 612.

The Commissioner has determined, in the deficiency notices and by his pleadings, that there are deficiencies in income tax as follows:

| Docket No. | Petitioner | Year | Original deficiency | Increased deficiency |
|---|---|---|---|---|
| 43366 | Beulah Weil | 1947 | $1,762.59 | $2,584.16 |
| 43858 | Charles Weil | 1947 | 2,126.92 | [1] (Increase claimed) |
| 50411 | Charles Weil and Adreana Weil | 1948 | 731.10 | 794.98 |

In our original Opinion in these proceedings, we construed the settlement agreement which was incident to the divorce of Charles and Beulah, under Issue 2, as fixing 50 per cent of the periodic payments as the amount payable for the support of the two children of Charles and Beulah, both of whom were minors in 1948. This conclusion was reached upon considering the agreement as a whole. *Robert W. Budd*, 7 T. C. 413, affirmed per curiam 177 F. 2d 198.

In view of the conclusions and holdings under Issue 2 in our original Opinion, the respondent has made the contention (in a motion for further consideration which has been granted) that a further question remains for decision, namely, what amount of the total sum paid by Charles in 1947 was for the support of the children.

The answer to this additional question will determine what amount (out of the total sum paid by Charles in 1947) is includible in Beulah's income for 1947 (under section 22 (k)), which is the only year before us in her case, and what amounts are deductible by Charles, under section 23 (u), in 1947 and 1948.

Charles was obligated to pay Beulah $12,000 in periodic payments in in 1947 under the agreement. However, his payments totaled only $10,500. He paid Beulah the unpaid amount, $1,500, in 1948, in addition to $6,820.80, which was the total sum of the periodic payments which he was, under the agreement, required to make in 1948.

We have already expressed the view (22 T. C. 612, 621) that the agreement fixed 50 per cent of the periodic payments as the portion for the support of the two children. Since Charles paid less than the required total sum of the periodic payments in 1947, the respondent now contends that under the second and third sentences of section 22 (k), which are set forth in the margin,[2] it must be held that $6,000

---

[1] By amendment to his answer, respondent has made claim for increase in the deficiency for 1947 in Docket No. 43858. The respondent allowed Charles Weil a deduction in 1947 under section 23 (u) in the amount of $5,200 for alimony payments to Beulah Weil. In the event the Court holds that Charles is entitled to deduct only $4,500 in 1947, it follows that the deduction allowed is excessive to the extent of $700. Accordingly, respondent has made claim for increase in the deficiency for 1947.

[2] The pertinent part of section 22 (k) of the 1939 Code provides as follows:

* * * This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. * * *

(50 per cent of $12,000, the total of the required payments for 1947) is the portion of $10,500 (the sum paid in 1947) which was for the support of the children.

If our construction of the provisions of the agreement relating to the support of the children is correct, it follows, we believe, that respondent's present position must be sustained because of the second and third sentences of section 22 (k). The respondent's position is in line with section 29.22 (k)–1 (d) of Regulations 111, pages 85, 86, which provides, in part, as follows:

For example, if the husband is by the terms of the decree required to pay $200 a month to his divorced wife, $100 of which is designated by the decree to be for the support of their minor children, and the husband pays only $150 to his wife, $100 is nevertheless considered to be a payment by the husband for the support of the children. * * *

See, also, H. Rept. No. 2333, 77th Cong., 1st Sess., sec. 117, 1942–2 C. B. 427, 429; and 1942–2 C. B. 568, 570, sec. 120, S. Rept. No. 1631, 77th Cong., 2d Sess.

Accordingly, it is held that $6,000 of the $10,500 paid by Charles in 1947 is the portion which was for the support of the children, and, therefore, that amount is neither includible in Beulah's taxable income for 1947 under section 22 (k), nor deductible by Charles under section 23 (u). It follows that $4,500, out of $10,500 paid in 1947, was for Beulah's support; that such amount is includible in her income for 1947 under the first sentence of section 22 (k), and is deductible by Charles under section 23 (u). It also follows that the deduction allowed Charles for 1947 ($5,200) was excessive to the extent of $700.

Another aspect of the question now before us relates to the payments Charles made in 1948. The total sum which he paid in 1948, $8,600, included $1,500, the arrearage in the 1947 payments. From our holding above, it follows that the payment of $1,500 represented support payments due Beulah. It is held that $1,500, the arrearage for 1947, is includible in Beulah's income for 1948, the year of receipt, under section 22 (k), *Lily R. Reighley*, 17 T. C. 344, 355, 356, and therefore, that amount is deductible in 1948, by Charles, under section 23 (u).

The total amount deductible in 1948, by Charles, under section 23 (u), is $4,910.40, the total of $1,500, *supra*, and $3,410.40, which is 50 per cent of the required payments for 1948 (all of which was paid), 50 per cent being the portion for Beulah's support. Charles is not entitled to deduct the portion of the 1948 payments, $3,410.40, which was for the support of the children.

There is a small item which must be disposed of. In 1948, Charles also paid Beulah $279.20 in excess of what he was obligated to pay her under the support agreement. This was a gratuitous payment to Beulah for which no deduction is allowable under section 23 (u).

An order will be issued amending our original report, in certain respects to the extent required by this Supplemental Opinion.[3]

Under our holdings in this Supplemental Opinion and in our original Findings of Fact and Opinion, as amended, recomputations under Rule 50 are necessary.

*Decisions will be entered under Rule 50.*

---

[3] The original report is amended by this supplemental report as follows: (1) In the last paragraph of the Findings of Fact relating to Issue 2, there is substituted "or $6,000 in 1947, and $3,410.40 in 1948," for "$5,250, in 1947, and $4,160.40 in 1948." (2) In the Opinion, Issue 2, fifth paragraph, the second sentence is amended to read as follows:

* * * It is held, therefore, that in 1947, Charles cannot deduct under section 23 (u), $6,000 out of the $10,500 which he paid Beulah pursuant to the requirements of the agreement because Beulah, under section 22 (k), does not have to include $6,000 of the total sum she received in her taxable income; and that in 1948, Charles can deduct $4,910.40, which is includible under section 22 (k) in Beulah's income, but he cannot deduct $3,410.40, one-half of the required 1948 payments, because Beulah will not have to include that amount in her income under section 22 (k).