Alpheus M. Ball and Frances T. Ball v. Commissioner.
Ball v. Commissioner
Docket No. 45089.
United States Tax Court
T.C. Memo 1955-84; 1955 Tax Ct. Memo LEXIS 254; 14 T.C.M. (CCH) 277; T.C.M. (RIA) 55084; April 13, 1955
*254 Robert A. Fulwiler, Jr., Esq., for the petitioners. George H. Bowers, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax in the amounts of $346.64 and $433.38 for the years 1948 and 1949, respectively. The only question presented is whether certain amounts paid to a former wife are deductible as alimony or whether those payments, in whole or in part, were for the support of minor children within the meaning of Section 22(k) of the Internal Revenue Code of 1939 and therefore not deductible to that extent. Findings of Fact Petitioners, husband and wife, reside in Wilmington, Delaware. For the taxable years 1948 and 1949 they filed their joint individual income tax returns with the collector of internal revenue for the district of Delaware at Wilmington, Delaware. The income and deductions involved are those of the husband, and the term "petitioner" shall hereafter be understood to refer to Alpheus M. Ball. Prior to his marriage to Frances T. Ball petitioner was married to Carol Finlay Ball. Two children were born of this marriage, a son, Frank, and a daughter, Beverly. They were *255 18 and 16 years of age respectively in 1948. Sometime in 1944 petitioner and Carol Finlay Ball separated and lived apart. On June 27, 1945, they entered into a written property settlement agreement providing for the payments at issue here. The relevant portions of that agreement read as follows: "2. * * * The party of the second part agrees to pay unto the party of the first part, on the 1st day of each month, beginning September 1st, 1945, the sum of $300.00 for the care and support and maintenance of herself and two children, and for the elementary and high school education of said children, PROVIDED, however, that if and when one of said children goes to a preparatory school or to college, the said party of the second part shall, pay to the party of the first part the sum of $210.00 per month for the support and maintenance of herself and remaining child until said second child goes to preparatory school or to college, in which event and at which time the party of the second part shall reduce said amount to $125.00 per month which shall be paid to the party of the first part until said second child completes her education or becomes self-supporting or until the party of the first *256 part remarries. Upon both children completing their education or becoming self-supporting then no further payments shall be made to the party of the first part under this agreement. It is further provided that even though the party of the first part does not remarry yet if one of the children of said marriage voluntarily goes to live with the party of the second part and has not completed his or her education or is not self-supporting, and the other child still lives with the party of the second part and has not finished her education or is not self-supporting and the other child still lives with the party of the second part and has not finished her education or is not self-supporting or is not a student at a college or at a preparatory school then the party of the second part shall continue to pay to the party of the first part the sum of $210.00 per month until such child has completed her education, or is self-supporting or while he or she is a student at a college or a preparatory school, and when such child has completed her education or is self-supporting or has finished a course at college then all payments hereunder shall cease. "If both of said children voluntarily go to *257 live with the party of the second part, even though the party of the first part has not remarried, then all payments provided for hereunder for the party of the first part shall cease and determine. "3. It is further agreed between the parties hereto that the party of the second part shall pay for all extraordinary medical or surgical expenses necessary for either or both of said children, in addition to the $300.00 hereinbefore provided for. "4. It is further understood and agreed between the parties hereto that the party of the second part is to pay all preparatory and college expenses for either or both of said children. * * *
"6. In the event of the re-marriage of the party of the first part all payments provided for herein shall immediately cease and determine and all obligations of the party of the second part for the support and maintenance of the party of the first part shall end, and the party of the second part shall thereafter provide for the care, support, maintenance and education of the children of the marriage. At such time a new agreement shall be entered into concerning the custody of the children and the allowance for their care, support and maintenance *258 in the event they remain with the party of the first part." Shortly thereafter Carol Finlay Ball commenced divorce proceedings against petitioner in Nevada. On August 20, 1945, a decree of divorce between petitioner and Carol Finlay Ball was entered in that state. This decree recited the fact of execution of the agreement of June 27, and directed the parties to comply with its terms. During the years 1948 and 1949 petitioner paid to Carol Finlay Ball $2,083 and $2,520, respectively, pursuant to the terms of the divorce decree and the agreement incorporated therein. He deducted such payments as alimony in the years of payment. [1] In addition, in 1948 petitioner paid $1,930.22 to his son Frank for college expenses and $792.49 to and on behalf of his daughter Beverly for expenses resulting from and incidental to her attendance at a preparatory school. The divorce decree awarded custody of the children to Carol Finlay Ball, and they both remained in her custody during 1948 and *259 1949. Petitioner's son Frank attended college during both years, while his daughter Beverly attended preparatory school during 1948. In determining the deficiencies against petitioner for 1948 and 1949 respondent has denied the right of petitioner to deduct any sum in either year on account of amounts paid to Carol Finlay Ball and has increased petitioner's net taxable income accordingly. Several minor adjustments have been made as to which the pleadings raise no issue. To the extent that each payment made by petitioner to Carol Finlay Ball in 1948 and 1949 pursuant to the divorce decree and agreement incorporated therein was in excess of $125 it was made solely for the support of their minor children. Opinion RAUM, Judge: In 1945 petitioner and his estranged wife executed a written property settlement agreement, providing, inter alia, that petitioner pay his wife $300 a month. The monthly payments were characterized in a general statement therein as support for the wife and their two minor children. Petitioner also agreed to pay in addition educational and extraordinary medical expenses of the children. If one child should go to preparatory school or college or should voluntarily *260 come to live with petitioner, the monthly payment was to be reduced to $210. If both children should attend preparatory school or college, payments were to be further reduced to $125 a month. All payments were to cease if both children should voluntarily come to live with petitioner, complete their education, or become self-supporting. All payments were to cease upon remarriage of the wife, at which time the making of new arrangements was contemplated respecting the support of the children. Shortly after its execution, the agreement was incorporated in a decree of divorce. Pursuant to the decree and agreement petitioner paid $2,083 to his wife in 1948, and $2,520 in 1949. He seeks deductions of those amounts in full as alimony payments under Section 23(u) of the Internal Revenue Code of 1939. The Commissioner, on the other hand, contends that no part of those payments is deductible since, in his view, the monthly payments in their entirety were payments for the support of minor children the deduction of which is precluded by the correlative provision of Section 22(k) of the Internal Revenue Code of 1939. [2] The question before us in substance is whether the agreement has earmarked *261 all or part of the monthy payments for the support of the children. Where it is not possible to determine from the agreement or decree what portion of the alimony payments is allocable to the support of children, the full amount is deductible by the husband and taxable to the wife. Dora H. Moitoret, 7 T.C. 640; Robert Wood Johnson, 10 T.C. 647, 654. Cf. Henrietta S. Seltzer, 22 T.C. 203. However, where a reading of the instrument as a whole shows that all or an ascertainable part of the payments was intended for the support of the minor children the amount thus allocable to their support is neither deductible by the husband nor chargeable as income to the wife. Robert W. Budd, 7 T.C. 413, affirmed, 177 Fed. (2d) 198 (C.A. 6); Warren Leslie, Jr., 10 T.C. 807; Harold M. Fleming, 14 T.C. 1308; *262 Beulah Weil, 22 T.C. 612; George R. Joslyn, 23 T.C. 126; Saxe Perry Gantz, 23 T.C. 576; Mandel v. Commissioner, 185 Fed. (2d) 50 (C.A. 7); Feinberg v. Commissioner, 198 Fed. (2d) 260, 263 (C.A. 3). Cf. Leon Mandel, 23 T.C. 81. Our problem, therefore, is one of interpretation of the agreement executed by the spouses. We have carefully examined the instrument and do not agree with the extreme position taken by either the Government or the petitioner. On the one hand, we do not accept petitioner's contention that the monthly payments are deductible in full as alimony; nor are we convinced by the Government's contention that the monthly payments in their entirety were for support of the children. It is quite possible, in view of the manner in which the instrument was drafted, to arrive at different conclusions, and the matter is not completely free from doubt. However, in our judgment, the instrument, fairly construed, earmarks $125 of each payment for the support of the wife and the remainder for the support of the children. It is arguable, of course, that no part of the monthly payments was intended for *263 support of the wife, since all payments are to cease when the children complete their education, become self-supporting, or go to live with petitioner. Yet the instrument also provides for payments of $125 a month when both children are away at college or preparatory school - a time when petitioner had undertaken to pay their expenses. The situation is unique, and it is difficult to reconcile these provisions fully. Nevertheless, we think that on the whole the instrument manifests an intention to pay the divorced wife $125 for her support so long as she remains unmarried and so long as the children, living with her, have not completed their education or become self-supporting. All payments in excess of that amount must be regarded as allocable for the support of the children. Accordingly, the deduction is allowed to the extent of $125 for each monthly payment. Decision will be entered under Rule 50. Footnotes
1. Petitioner deducted $2,210 on account of such payment on his 1948 return. He now concedes that the total sum paid in that year was $2,083 and claims only that amount as a proper deduction for 1948.↩
2. Sec. 22(k)↩ Alimony, Etc., Income. - * * * This subsection shall not apply to that part of any such periodic payments which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *