Beulah Weil v. Commissioner. Charles S. Weil v. Commissioner. Charles S. Weil and Adreana Weil v. Commissioner.
Weil v. Commissioner
Docket Nos. 43366, 43858, 50411.
United States Tax Court
T.C. Memo 1955-242; 1955 Tax Ct. Memo LEXIS 88; 14 T.C.M. (CCH) 966; T.C.M. (RIA) 55242; August 31, 1955
*88 Issue 3. Upon the facts, held, that petitioner, Charles S. Weil, during 1947, contributed more than one-half of the support of each of the two children of himself and Beulah Weil and is, therefore, entitled to two dependency credits under the provisions of section 25(b)(1)(D) and (b)(3) as they applied to 1947, I.R.C. of 1939. Charles Kurz, C.P.A., 285 Madison Avenue, New York, N.Y., for the petitioner Beulah Weil. Hiram S. Gans, Esq., 50 Broadway, New York, N. Y., and Milton H. Reuben, Esq., for the petitioners Charles S. Weil and Adreana Weil. Richard G. Maloney, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: An original report in these proceedings is found in 22 T.C. 612. A Supplemental Opinion is found in 23 T.C. 630. Because of the conclusions reached in the Supplemental Opinion under Issue 2, it is necessary to make further Findings of Fact and Conclusions of Law relative to the year 1947 in Docket No. 43366, Beulah Weil, and in Docket No. 43858, Charles S. Weil, upon a new issue raised in amended pleadings which the Court allowed the parties to file after the filing of the Supplemental *89 Opinion. The amended pleadings raise the question whether the petitioner, Charles S. Weil, contributed during 1947 more than one-half of the support of each of the two children of himself and Beulah Weil so as to be entitled to two dependency credits of $500, each, under the provisions of sections 25(b)(1)(D) and 25(b)(3) of the 1939 Code as they applied to the year 1947. Supplemental Findings of Fact Throughout the year 1947, the two minor children of Charles S. Weil and Beulah Weil, namely, Charles Ronald Weil and Donald S. Weil, were unmarried and resided with Beulah Weil, Charles and Beulah having been divorced in 1940. The total cost of the support of the two children during 1947 amounted to $10,895.45, of which amount Charles S. Weil contributed $8,546, and Beulah Weil contributed $2,349.45. Over one-half of the support of each child, Charles Ronald and Donald, was paid by their father, Charles S. Weil. In their respective individual income tax returns for 1947, neither Charles S. Weil nor Beulah Weil claimed a credit or credits for their children, Charles Ronald and Donald, as dependents. Supplemental Opinion It was been held in these proceedings (23 T.C. 630), *90 that of the sum of $10,500 which Charles S. Weil paid to Beulah Weil during 1947, $6,000 was paid for the support of their two minor sons. Section 22(k) of the 1939 Code; section 29.22(k)-1(d) of Regulations 111, pages 85, 86. The sum of $6,000 is not deductible in 1947 under section 23(u) of the 1939 Code by Charles S. Weil, and it is not includible in the taxable income for 1947 of Beulah Weil under section 22(k), 1939 Code. Issue 3. Charles S. Weil, by amendment to his petition in Docket No. 43858, now claims, for 1947, two dependency credits of $500, each, for each of his children. The facts establish that he contributed during 1947 more than one-half of the support of the two children in question. Therefore, it is held that Charles S. Weil is entitled to the two dependency credits for 1947 under the provisions of sections 25(b)(1)(D) and 25(b)(3) of the 1939 Code as it applied to the year 1947. In determining the deficiency in the income tax liability of Beulah Weil for 1947 (Docket No. 43366), the Commissioner allowed her two dependency credits for her two minor children. This was error. In the Rule 50 recomputation in Docket No. 43366, the error will be corrected in conformance *91 with the facts now found and holding here made. By amendment to his answer, to conform to the proof, in Docket No. 43366, Beulah Weil, the Commissioner has made claim for increase in the deficiency pursuant to the provisions of section 272(e) of the 1939 Code. The claim for the increase in the deficiency was made at a rehearing; the conditions of section 272(e) have been met. Under the new issue here decided, Issue 3, it is necessary for the parties in Docket Nos. 43366 and 43858 to file revised recomputations under Rule 50. Decisions will be entered under Rule 50.