Jo Eisinger and Loraine B. Eisinger v. Commissioner.
Eisinger v. Commissioner
Docket No. 47871.
United States Tax Court
T.C. Memo 1956-48; 1956 Tax Ct. Memo LEXIS 247; 15 T.C.M. (CCH) 208; T.C.M. (RIA) 56048; February 29, 1956
*247 Aaron B. Rosenthal, Esq., Commercial Exchange Building, Los Angeles, Calif., for the petitioners. John J. Burke, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: Respondent determined deficiencies in petitioners' income tax for 1949 and 1950 in the respective amounts of $3,433.58 and $925.76. The sole question presented is whether the respondent erred in determining that a portion of the payments made by Jo Eisinger to his former wife pursuant to a decree of divorce were for the support of his minor children and are not deductible under the provisions of sections 23(k) and (u) of the Internal Revenue Code of 1939. [Findings of Fact] All of the facts are stipulated. Petitioners, Jo Eisinger and Loraine B. Eisinger, during the years involved were husband and wife and filed a joint return for the respective periods in question with the collector of internal revenue for the sixth district of California at Los Angeles. Since Loraine B. Eisinger is involved solely by virtue of filing a joint return, Jo Eisinger will hereinafter be referred to as petitioner. Pursuant to a decree granted May 26, 1949, by the Circuit Court of Dade County, Florida, *248 the marriage of petitioner to Wilhelmine Eisinger was dissolved. At that time they were the parents of two minor sons, Carl and Lloyd, 16 and 10 years of age, respectively. A written property settlement agreement dated March 28, 1949, and modified on May 19, 1949, was incorporated in the decree of divorce. The pertinent part of the agreement reads as follows: "4. The Husband agrees to pay to the Wife, by way of alimony, the sum of One Hundred Twenty-five Dollars ($125.00) per week, commencing upon the date of the entry of the final decree of divorce in the action presently pending between the parties in the Circuit Court of the 11th Judicial Circuit of Florida, and in and for Dade County, in Chancery, No. 112550-C, and weekly thereafter, and in consideration thereof the Wife agrees to support the aforesaid children. If the Wife shall fail to support either or both of said children, the Husband may pay the cost thereof and deduct the same from said weekly alimony. Said payments shall continue during the life of the Wife and shall cease upon her death or upon the death of the husband. Upon the remarriage of the Wife all alimony payments to her shall cease, but in lieu thereof the *249 Husband shall pay the sum of Thirty-one and 25/100 Dollars ($31.25) per week for the support and maintenance of each child of said marriage until such child shall attain the age of twenty-one (21) years, at which time the aforesaid payments for such child shall cease and terminate. Whether or not the Wife shall remarry, as each child shall attain the age of twenty-one (21) years, the aforesaid alimony shall be reduced by Thirty-one and 25/100 Dollars ($31.25) per week for each child thus attaining the age of twenty-one (21) years. It is the intention of the parties that when both of said children shall have attained the age of twenty-one (21) years the Husband shall pay to the Wife alimony in the sum of Sixty Two and 50/100 Dollars ($62.50) per week, during her life and until her remarriage; provided, however, that no alimony shall be paid to the said Wife if the Husband shall die or if the Wife shall have meanwhile remarried or shall have died. It is also agreed that the said payments of alimony to the Wife shall be reduced by the sum of Thirty-One and 25/100 ($31.25) per week in the event of the death of either of said children before he shall have attained the age of twenty-one *250 (21) years, and if both of said children shall die before attaining said age the alimony for said Wife shall be reduced by the sum of Sixty Two and 50/100 Dollars ($62.50) per week. * * *
"6. (a) The Wife does and shall accept the provisions hereof in full satisfaction for her support and maintenance and for the support and maintenance of the minor children of the marriage. * * *" [Opinion] In his deficiency notice the respondent disallowed the sum of $1,925 in 1949 and the sum of $3,364.50 in 1950 of the total amounts claimed as deductions for alimony payment to petitioner's former wife upon the grounds that such amounts were paid for the support of his minor children. It is the petitioner's position that the separation agreement provides for the payment of a lump sum to his former wife without specifying the amount to be applied for the support of the children. It is argued that although the agreement provides for the reduction of the total amount payable to the wife by fixed amounts under certain contingencies, until such contingencies arise there is no way of determining what part of the lump sum is for the support of the children, and the rationale of the cases *251 of Dora H. Moitoret, 7 T.C. 640, and Henrietta S. Seltzer, 22 T.C. 203, is applicable here. The respondent contends that the agreement must be construed in its entirety, and when so considered it is clear that one-half the amount to be paid to the wife represents an amount fixed as payments for the support of the minor children. It has been repeatedly held that an adequate consideration of the problem presented requires a construction of the agreement as a whole. Robert W. Budd, 7 T.C. 413, affd. per curiam, 177 Fed. (2d) 198; Warren Leslie, Jr., 10 T.C. 807; Mandel v. Commissioner, 185 Fed. (2d) 50, affirming a memorandum opinion of this Court [8 TCM 445]. On this record, we hold that the amount for the support of the children is identifiable, and the cases relied upon by the petitioner are factually distinguishable. It follows that the determination of the respondent on this issue must be sustained. Effect will be given to the other adjustments as stipulated by the parties. Decision will be entered under Rule 50.