ESTATE OF DOROTHY R. HIRSHON, DECEASED, WALTER HIRSHON, EXECUTOR, AND WALTER HIRSHON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JEAN MCGRAW HIRSHON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 57896, 61658. Filed December 21, 1956.

*John P. Allison, Esq.*, for the petitioners.
*Emil Sebetic, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The principal question for decision is whether certain amounts paid to a former wife in 1951 are deductible in full as alimony under section 23 (u) of the Internal Revenue Code of 1939, or whether a portion of those payments was allocable to the support of a minor child within the meaning of section 22 (k) and therefore not deductible by the husband under section 23 (u) or includible in the former wife's gross income under section 22 (k). The facts have been stipulated.

Petitioners Walter Hirshon and Jean McGraw Hirshon were married in 1931 and divorced in 1940. Their only child, Wendy Jean Hirshon, had been adopted by them in 1937 when she was about 2 months old. Walter subsequently married Dorothy R. Hirshon, with whom he filed a joint income tax return in 1951. She died thereafter and her estate is a party to these proceedings solely by reason of the joint return.

Prior to the divorce of Walter and Jean a separation and property settlement agreement was executed by them which contained the following provisions:

FOURTH: The party of the first part during his lifetime and so long as the party of the second part shall remain alive and does not remarry, and so long as the party of the second part shall fully keep and perform the covenants and conditions of this agreement on her part to be kept and performed, shall pay to the party of the second part as and for her support and for the support, care, maintenance and education of the said Wendy Jean Hirshon, the sum of Twelve Thousand ($12,000) Dollars per annum payable in twelve equal monthly installments of One Thousand ($1,000) Dollars each, commencing the first day of October, 1939. In the event that the net income of the party of the first part from any and all sources shall during any calendar year hereafter be less than Twenty Thousand ($20,000) Dollars per annum, the party of the first part may at his option, reduce the monthly payments herein provided for, to Seven hundred fifty ($750.) Dollars per month commencing with the first month of the year subsequent to the year in which his said net income shall have been less than Twenty Thousand ($20,000) Dollars. The party of the first part shall have the option of continuing such payments at the rate of Seven hundred fifty ($750.) Dollars per month until such time as his said net income in any calendar year thereafter shall exceed the sum of twenty Thousand ($20,000) Dollars, and thereafter payments shall again be at the rate of One Thousand ($1,000) Dollars per month until his said net income in any subsequent year shall be less than Twenty Thousand ($20,000) Dollars, in which case the party of the first part shall again have the option to reduce the said payments to Seven hundred fifty ($750.) Dollars per month as here-

inabove provided. In the event that the party of the first part shall exercise the option herein granted to him to reduce the said monthly payments as hereinabove provided, he shall furnish to the party of the second part a verified statement of his income for the preceding year upon which he bases his right to exercise the said option, and will further permit an examination of his books and records.

FIFTH: In the event that the party of the second part shall remarry, all payments herein provided for her support shall forthwith cease and the party of the first part or his estate shall have no further obligation to make any payments for the support of the party of the second part. Provided, however, that if after the remarriage of the party of the second part, she shall continue to retain the custody and control of said Wendy Jean Hirshon, then the party of the first part shall pay to the party of the second part as and for the support, care, maintenance and education of said Wendy Jean Hirshon, the sum of Three hundred ($300.) dollars per month until the said Wendy Jean Hirshon shall have attained the age of fifteen (15) years and thereafter the sum of Five hundred ($500.) dollars per month until the said Wendy Jean Hirshon shall have attained the age of twenty-one (21) years or shall have married, upon the happening of either of which events all further payments for the support, care, maintenance and education of said Wendy Jean Hirshon shall cease.

These provisions were incorporated in substantially identical terms in the divorce decree.

During 1951 Walter paid Jean $12,000 in accordance with the foregoing provisions. In the joint return filed by Walter and Dorothy, the $12,000 was claimed as a deduction for alimony under section 23 (u). However, Jean reported only $8,400 of that amount as alimony. The question before us is whether $3,600 of the $12,000 was fixed by the agreement and decree as payable for the support of Wendy within the meaning of section 22 (k), and therefore not deductible by Walter. The statutory provisions are set forth in the margin.[1]

Whether a portion of the periodic payment is allocable to the support of minor children is to be determined by a reading of the instrument as a whole. *Robert W. Budd*, 7 T. C. 413, affirmed 177 F. 2d 198 (C. A. 6); *Warren Leslie, Jr.*, 10 T. C. 807; *Harold M. Flem-*

---

[1] SEC. 22. GROSS INCOME.

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income, there shall be allowed as deductions:

* * * * * * *

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.

*ing*, 14 T. C. 1308; *Beulah Weil*, 22 T. C. 612, 23 T. C. 630; *George R. Joslyn*, 23 T. C. 126; *Saxe Perry Gantz*, 23 T. C. 576; *Mandel* v. *Commissioner*, 185 F. 2d 50 (C. A. 7).

Paragraph Fourth, quoted above, makes clear that the $12,000 a year was intended in part to provide for the support of Wendy. However, if that paragraph stood alone, we would be forced to conclude that the entire $12,000 would be deductible by Walter as alimony, since no specific amount is set forth therein indicating what portion is allocable to Wendy. But that paragraph does not stand alone; it must be read together with paragraph Fifth which plainly supplies the allocation. We are satisfied, upon reading both paragraphs, that the instrument does fix $3,600 a year as the amount applicable to the support of Wendy, and to that extent the payments are neither deductible by Walter nor taxable to Jean.

Walter argues that his obligation to pay $12,000 a year is not affected by the child's marriage, death, or attainment of majority, and that therefore no part of the amount can be considered as earmarked for the child's support. True, those considerations point strongly in his favor, but we think that the provisions of paragraphs Fourth and Fifth point even more strongly against him. We must read the instrument as a whole, and, reading it as a whole, we think it plain that a portion of the $12,000, namely $3,600, was intended for the support of Wendy, notwithstanding possible conditions subsequent that might convert the entire $12,000 into alimony. Cf. *Warren Leslie, Jr., supra; Feinberg* v. *Commissioner*, 198 F. 2d 260, 263; *Leon Mandel*, 23 T. C. 81, 89. Such contingencies, however, have not occurred, and, as to the year 1951, the $12,000 included $3,600, as spelled out in the agreement and decree, as support for Wendy.

Since the determination of the Commissioner in Docket No. 57896 was based in part on adjustments not here contested, a decision under Rule 50 will be required. However, the determination in Docket No. 61658 was based solely on the issue disposed of herein. Accordingly,

*Decision will be entered under Rule 50 in Docket No. 57896; and decision will be entered for the petitioner in Docket No. 61658.*