DORA H. MOITORET, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9984.    Promulgated August 26, 1946.

*Dora H. Moitoret* pro se.
*Bryant R. Burton, Esq.,* for the respondent.

**OPINION.**

ARUNDELL, *Judge*: Although the separation agreement and the decree of the court refer to the alimony payments here in question as being for her own care and support as well as that of the minor children, the petitioner contends that she had not wanted any of the money; that she has not used any part of it for herself, and that it was paid over to her solely for the care and support of the children.

The respondent, relying upon his regulations,[1] takes the view that where the payments are received by the wife for the support of herself and the minor children without a specific designation of the portion allocable to the support of the children, the entire amount is taxable to the wife under the terms of the statute, irrespective of how the money was actually used or expended.

We think the respondent's determination must be sustained. Section 22 (k), Internal Revenue Code [2] (added by section 120 (a) of the Revenue Act of 1942) taxes alimony payments to the wife except where the decree or other written instrument has fixed, in terms of an amount of money or a portion of a payment, a sum which is payable for the support of the minor children of the husband. In such case the amount so fixed is not included as income of the wife but is taxed to the husband. See *Robert W. Budd*, 7 T. C. 413. Here the alimony in question was payable to the petitioner for her own care and support and for the care and support of the minor children. Hence, it may not be said that the decree or written instrument fixed an amount payable by the husband for the support and care only of his minor children.

It is true that when the separation agreement was entered into by the parties the law taxed the alimony payments to the husband. It is to be noted, however, that the interlocutory decree of the court approving the arrangement set out in the separation agreement expressly provided that either party should have the right to make application for modification. Thus, the way was open through which the petitioner

---

[1] Sec. 29.22 (k)–1 [Regulations 111]. * * *

*     *     *     *     *     *     *

(d) PAYMENTS FOR SUPPORT OF MINOR CHILDREN.—Section 22 (k) does not apply to that part of any periodic payment which, by the terms of the decree or the written instrument under section 22 (k), is specifically designated as a sum payable for the support of minor children of the husband. The statute prescribes the treatment in cases where an amount or portion is so fixed but the amount of any periodic payment is less than the amount of the periodic payment specified to be made. In such cases, to the extent of the amount which would be payable for the support of such children out of the originally specified periodic payment, such periodic payment is considered a payment for such support.

*     *     *     *     *     *     *

[2] SEC. 22. GROSS INCOME.

*     *     *     *     *     *     *

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband.

*     *     *     *     *     *     *

might have endeavored to have the decree changed if it did not embody the intentions of the parties, or by which she might have sought other adjustments to take care of the situation occasioned by the change in the law. The determination of the respondent is sustained.

*Decision will be entered under Rule 50.*