Jason R. Swallen v. Commissioner. Leona Smith Swallen v. Commissioner.
Swallen v. Commissioner
Docket Nos. 23348, 23654.
United States Tax Court
1951 Tax Ct. Memo LEXIS 224; 10 T.C.M. (CCH) 475; T.C.M. (RIA) 51149; May 22, 1951
*224 The payments of $60 per month made by petitioner Jason R. Swallen to his former wife, petitioner Leona Smith Swallen, were intended by the parties as payments for the support of their minor child and, consequently, the husband is not entitled to their deduction under section 23 (u) of the Internal Revenue Code, and they are not includible in his wife's income under section 22 (k) of the Internal Revenue Code. Jason R. Swallen, pro se. Eli Grubic, Esq., for petitioner Leona Smith Swallen. Sanford M. Stoddard, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Under Docket No. 23348, petitioner Jason R. Swallen asks redetermination of deficiencies in income tax determined by the respondent in the amounts of $180 for the calendar year 1945 and $177.83 for the calendar year 1947. Under Docket No. 23654 petitioner Leona Smith Swallen asks redetermination of deficiencies in income tax determined by the respondent in the amounts of $185.32, $151.23 and $158, for the calendar years 1945, 1946 and 1947, respectively. Certain of the facts are stipulated and are so found. In addition, *225 certain tax returns of the parties were filed as exhibits. The proceedings have been consolidated. Findings of Fact The petitioners were formerly husband and wife and are both residents of the District of Columbia. The returns for the taxable years involved were filed with the collector of internal revenue at Baltimore, Maryland. The petitioners were married in 1929 and separated in 1939, petitioner Jason R. Swallen, hereinafter referred to as the husband, leaving the family home in Washington, District of Columbia, and removing to Alexandria, Virginia. At this time they had one child, a daughter, born in 1938. On August 22, 1941, the petitioners entered into a property settlement agreement providing for the settlement of all their property interests and the obligation of the husband for maintenance and support of his wife and child. Subsequent to the execution of this agreement the husband instituted a divorce proceeding against petitioner Leona Smith Swallen, hereinafter referred to as the wife, to which she filed a cross-complaint asking that she be granted a divorce. On May 5, 1942, the Corporation Court for the City of Alexandria, Virginia, awarded the wife, upon her *226 cross-complaint, a final decree of divorce from the husband. In such decree the court recited the fact of the execution of the separation agreement effecting a settlement of property matters and obligations for maintenance and support, approved the agreement and by reference made it a part of the decree of divorce. By the court's decree the custody of the child was awarded to the wife. By the aforesaid separation agreement the husband surrendered to the wife his interest in the family home, in Washington and the family car, and agreed not to change the beneficiary in an insurance policy upon his life in which his wife was named as beneficiary. The separation agreement further provided: "SECOND: The party of the first part agrees to pay to the party of the second part as permanent alimony for the maintenance and support of herself and infant child, the sum of One Hundred Dollars ($100.00) per month commencing with the first day of September, 1941, said amount, at the option of the party of the first part, is to be payable in semi-monthly instalments of Fifty Dollars ($50.00) each on the first and fifteenth of every month; in the event the income of the said party of the second part *227 from any source whatsoever should exceed the sum of One Hundred Twelve Dollars and Fifty Cents ($112.50) per month, then this payment shall be reduced to Sixty Dollars ($60.00) per month; this payment is to continue until such time as the infant child of the parties hereto becomes of age, i.e. twenty-one years, self-supporting or married; in the event the child should die before the happening of either of these contingencies, then the payment herein provided for is to be reduced to Fifty Dollars ($50.00) per month provided the income of the said party of the second part from any source whatsoever at this time is Seventy-five Dollars ($75.00) per month; if her income be in excess of Seventy-five Dollars ($75.00), then this payment is to be reduced by the amount of such excess; in the event the income of the said party of the second part be less than Seventy-five ($75.00) Dollars per month, then the paymentis to be Seventy-five Dollars ($75.00); in the event the said party of the second part remarries during the lifetime of the child, then the payment herein provided for is to be reduced to Sixty Dollars ($60.00) per month; in the event the child dies before the happening of either of *228 the contingencies herein provided for and the said party of the second part remarry, then there shall be no further liability on the party of the first part to pay her any sum whatsoever." During each of the taxable years 1945, 1946 and 1947 the husband made payments to the wife in the amount of $60 per month, pursuant to the terms of the decree of divorce and property settlement incident thereto. The child is still living and the wife has not remarried. During all of these three years the wife has had the custody of the child, and during each of these years has contributed more than one half of the amount expended for the child's support. In making his returns for the taxable years involved, the husband has taken as deductions in computing net income the amount paid in each year to his wife under the separation agreement as approved by the court, and in none of these years has the wife included in reported income the amount of $60 per month received by her from the husband. In determining the deficiencies against each of the parties, the respondent has disallowed the deductions taken by the husband of the amounts paid to the wife and increased his net taxable income accordingly, *229 and in determining the deficiencies asserted against the wife, the respondent has included in her income the payments of $60 a month received during these three years from the husband. Opinion The identical amounts are involved in the determination of the deficiencies against each of the parties. This determination denied to the husband the deduction of his payments to his former wife and, on the other hand, included these payments in the taxable income of the wife. The petitioner in each proceeding has filed a brief attacking the position taken by the other. The respondent filed a memorandum brief setting forth the fact that the question turns upon the construction of the separation agreement which will determine whether the payment of $60 per month was made as alimony for support and maintenance of the wife or intended by the parties as a payment for the support of the child; that if this Court should hold that the payments are for the wife's maintenance and support, the husband is entitled to their deduction under section 23 (u) of the Internal Revenue Code, and if they are payments for the support of the minor child they were not subject to deduction *230 by the husband and not includible in the wife's income by reason of section 22 (k) of the Internal Revenue Code. In cases involving payments such as those here in question, the determination of whether the payment is one of alimony to the wife or to the wife for the support of a minor child rests upon the facts in each individual case, bearing in mind specifically the terms of the written instrument or decree of court in accordance with which the payments are made. Dora H. Moitoret, 7 T.C. 640; Robert W. Budd, 7 T.C. 413; affd., 177 Fed. (2d) 198. Such portions of the annual payments as may be determined to have been earmarked or intended for the support of the child do not constitute alimony payments to the wife, are not deductible by the husband and are not includible in the wife's income. On the other hand, any part of the annual payments as may be determined on the facts to have been earmarked or intended as alimony for the support of the wife are deductible by the husband and includible in the income of the wife. Warren Leslie, Jr., 10 T.C. 807. In the present case the settlement agreement approved *231 by the court obligated the husband to pay as alimony and for the support of the child $100 per month, provided, however, that if the wife received a personal income as much as $112.50 per month, the monthly payments would during that time be reduced to $60 per month. These payments of $60 a month are to be made during the minority or until the marriage of the daughter or until she becomes self-supporting. In the event that the wife remarries during the minority of the child, the payment is to continue at $60 per month. There is no provision for a payment in any amount after the child becomes of age or is married or is self-supporting. The only provision of the agreement under which the wife would receive anything definitely earmarked for herself is in the event that the child should die during minority and the wife be unmarried, a payment of $50 a month shall be made to the wife, provided, however, that if the income of the wife from other sources is in excess of $75 per month, this payment is to be reduced by such excess. During the three years here involved, the personal income of the wife, as reported on her returns for those years, was approximately $4,000 per annum, so that *232 none of the conditions existed during those years which would entitle the wife to any payment even in the event that the child had died. From a consideration of all the terms of the separation agreement, we think that the intention was to assure $60 a month for the support of the child during her minority or until she was married or became self-supporting. This seems to be indicated by the fact that if the wife remarried the payments of $60 a month would continue during the minority of the child. The instrument is not carefully drawn and some of the provisions are confusing in the determination of a question of this character but, viewing the instrument as a whole, we think that if the wife derives an income sufficient for her support she is to look to that for her maintenance, and that $60 of the maximum $100 per month payable under the settlement contract is allocated to the support and maintenance of the child. Petitioner Jason R. Swallen is not entitled to the deduction of the total of his payments of $60 a month during the taxable years, and petitioner Leona Smith Swallen is not taxable upon such payments received by her from her husband. In Docket No. 23348 decision will *233 be entered for the respondent. In Docket No. 23654 decision will be entered for the petitioner.