RICHARD P. PRICKETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33154.   Promulgated August 15, 1952.

*Roleigh Lee Stubbs, Esq.,* for the petitioner.
*Fortescue W. Hopkins, Esq.,* for the respondent.

## OPINION.

LeMire, *Judge:* The petitioner contends that as the payments he made pursuant to the divorce decree for the support of his wife and children, his other contributions, and the rent free house he provided, constituted their entire source of income in 1947, he was their chief support and it was not necessary to prove the particular amount he contributed, or the cost of the support and maintenance of the children. *M. A. Willem,* 39 B. T. A. 898.

The petitioner's reliance upon the *Willem* case, *supra,* undoubtedly furnishes the explanation for the inadequacy of his proof to support his right to the dependency exemptions. The *Willem* case, *supra,* involved the provisions of the Revenue Act of 1936, and is not decisive of the instant case, which is to be resolved under the revenue acts applicable to the taxable year 1947..

Section 25 (b) (3) of the Internal Revenue Code, as amended by section 10 of the Individual Income Tax Act of 1944, requires one claiming a dependency exemption to establish that he furnished more than one-half the support of such dependent in the taxable year. It further provides that a payment to a wife which is includible under section 22 (k) or section 171 in the gross income of such wife shall not be considered a payment by her husband for the support of any dependent.

The decree of divorce involved herein provided for monthly payment to the wife for her support and maintenance and that of the children given to her care. Under sections 22 (k) and 23 (u), added by the Revenue Act of 1942, the monthly payments made by the petitioner pursuant to such divorce decree constitute taxable income to the divorced wife and a deduction from gross income by the husband. *Dora H. Moitoret*, 7 T. C. 640.

This record establishes that during the taxable year 1947 the petitioner contributed toward the support of his four children a total of $185.95 for clothing and medical expenses. He also furnished rent free the home occupied by his former wife and his children. No testimony was offered as to the fair rental value of such home. The record does not show what the cost of the support and maintenance of the four children was nor from whom they drew the major part of the cost in the taxable year in question. The greater part of the cost may have been furnished by their mother from the $900 she received under the divorce decree, no part of which may be considered as a contribution by the husband for the support of his children. The petitioner has failed to show that he contributed more than one-half the support of his four minor children in the taxable year 1947. We, therefore, hold that the respondent properly disallowed the dependency exemptions claimed by the petitioner in the taxable year 1947 for his four minor children.

*Decision will be entered for the respondent.*