Evelyn Folk Ramsdell v. Commissioner.
Ramsdell v. Commissioner
Docket No. 58930.
United States Tax Court
T.C. Memo 1956-7; 1956 Tax Ct. Memo LEXIS 288; 15 T.C.M. (CCH) 36; T.C.M. (RIA) 56007; January 17, 1956
*288 Evelyn Folk Ramsdell, 143 Park Street, West Roxbury, Mass., pro se. Frank D. Moran, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income tax against petitioner for the years 1952 and 1953 in the respective amounts of $280.34 and $274.48. The issue involved in this proceeding is whether amounts received by petitioner from her former husband in the taxable years constituted alimony taxable to petitioner under section 22(x) of the Internal Revenue Code of 1939, or constituted sums "payable for the support of minor children of such husband." Findings of Fact Petitioner lived with her two minor children during the taxable years in West Roxbury, Massachusetts, and filed her income tax returns for those years with the director of internal revenue for the district of Massachusetts. Prior to the year 1948 petitioner was married to Charles E. Ramsdell by whom she had two children, a daughter and a son. In 1948 the daughter was 6 years old and the son was 8 years old. On July 18, 1948, the petitioner was granted a divorce from her husband by the Probate Court of Worcester County, Mass. The decree of the *289 Court granting the divorce reads as follows: "At a Probate Court holden at Worcester in and for said County of Worcester, on the thirtieth day of July, in the year of our Lord one thousand nine hundred and forty-eight. "On the libel of Evelyn Folk Ramsdell, of Westboro, in said County, praying that a divorce from the bond of matrimony between her and Charles E. Ramsdell, of said Westboro, be decreed. "It is decreed, NISI, that a divorce from the bond of matrimony between the said libellant and libellee be granted the said libellant for the cause of cruel and abusive treatment on the part of the said libellee and that, upon and after the expiration of six months from the entry of this decree it shall become and be absolute, unless upon the application of any person interested, the Court within said period shall otherwise order. "It is further decreed that the libellant have custody of the minor children of the parties with the right in the libellee to have the society and possession of said minor children in the Commonwealth of Massachusetts from August 28, 1948, to and through September 8, 1948. "The libellee may have the society and possession of said children each year *290 during the Christmas vacation after Christmas day. Said children may be taken out of the Commonwealth provided proper travel accommodations and care during travel are afforded to said children. "After the year 1948, the libellee may have the society and possession of said children during the period of two weeks in each year, such two weeks to be during the months of June, July or August. During said two weeks' period said children may be taken from the Commonwealth provided proper travel accommodations and care during travel are afforded to said children. "Upon other times and occasions the libellee may visit and receive visits from said children at the proper times. "The libellee shall pay to the libellant the sum of fifty dollars per week beginning July 31, 1948, until further order of the Court, except during such times the children are in the society and possession of the libellee. "It is ordered that if and when the libellant establishes a home for herself and children the libellee shall transfer to the libellant his interest in the furniture now in possession of the libellant. The libellee shall pay to the libellant the sum of eleven hundred dollars, which sum consists *291 of $783.26 for medical bills, cost of moving, storage, expenses of summer camp, and $102, tax, $316.74 for the board of said children from the time of the separation of the parties up to the time of the entry of the decree." Later in that year the former husband of petitioner filed a petition in the state court asking for a reduction in the weekly payments. He filed this petition because he felt that since petitioner had begun to work as a school teacher she could help to support the children. On November 8, 1948, the Court made the following order on the husband's petition: * * *
"On the petition of Charles E. Ramsdell, libellee in divorce proceedings brought against him by Evelyn Folk Ramsdell, * * *
"It is ordered that said decree be and the same is hereby modified; that the libellee pay to the libellant the sum of forty-five dollars each and every week beginning November 7, 1948; that the libellee assign to the libellant his interest in a Chevrolet automobile to be used by libellant for the support and maintenance of herself and the minor children committed to her care and custody." On December 27, 1949, petitioner filed in the state court the following petition: *292 "Evelyn Folk Ramsdell formerly of Westboro, County of Worcester, but now of Boston in the County of Suffolk, that she brings this petition against Charles E. Ramsdell formerly of Westboro, County of Worcester, but now of Detroit, State of Michigan. "And further represents your petitioner that she was the wife of the respondent, Charles E. Ramsdell, and that on July 30, 1948, by a decree of this Court said respondent obtained a decree nisi and that at that time there was a further decree entered to the effect that the libellee, the respondent herein, pay to the libellant, this petitioner, the sum of Fifty-Dollars ($50.00) each week. "And further represents your petitioner that on November 8, 1948, said decree with respect to support was modified by decree of this Court on the within respondent's petition for modification to the effect that the respondent pay to the petitioner herein the sum of Forty-Five Dollars ($45.00) each week for the support of the children only while they are in her care. "That since the entry of said decree the petitioner has incurred extraordinary medical and hospital bills in the amount of Two Hundred Twenty Two Dollars and 20/100 ($222.20) for medical *293 attention and hospitalization of Barbara Ramsdell, the minor daughter of the parties, and although the petitioner has requested the respondent to pay these bills, the respondent has failed and refuses to do so. "WHEREFORE YOUR PETITIONER PRAYS: "1. That this Honorable Court order the respondent, Charles E. Ramsdell, to pay the hospital and doctor bills hereinbefore referred to. "2. And for such further relief as to this Honorable Court may seem meet, just and proper." This petition was denied by the Court. On October 24, 1955, the state court entered the following order: * * *
"On the petition of Evelyn Folk Ramsdell, former wife of Charles E. Ramsdell praying that the decree of this Court dated July 30, 1948, as modified by decree dated November 8, 1948, be further modified and clarified and for further relief, "All persons interested having had due notice of said petition, and objection being made and it appearing to the Court that by the decree of divorce dated July 30, 1948, the libellee was ordered to pay fifty dollars each week for the support of the children of the parties and it further appearing to the Court that by the decree dated November 8, 1948, modifying *294 the original decree the Court reduced the payments by the husband for the support of the children alone from fifty dollars a week to forty-five dollars a week; also in said decree ordered the assignment by the libellee to the libellant of his interest in a Chevrolet automobile. "It is now ordered and decreed that said decree, as modified, be continued and that the libellee pay to the libellant for the support of the children only the sum of forty-five dollars each and every week until further order of the Court." During the taxable year 1952 petitioners' minor children were with their father for 9 weeks and during 1953 were with him for 4 weeks. No weekly payments were made to petitioner by her former husband on account of those weeks. In 1952 petitioner received $1845 from her former husband and in 1953 she received $2025. In addition the father sent to petitioner in each of these years the exact sum necessary to defray the travel expenses of the children to and from his home in Michigan. In 1952 petitioner expended for the care, maintenance and education of her son the sum of $2,374.05 and for her daughter the sum of $1,391.00. In 1953 petitioner expended for the care, maintenance *295 and education of her son the sum of $1,941.70, and for her daughter the sum of $1,626.40. During the taxable years petitioner was employed as a teacher in Norwood, Mass., at a salary of $3,573.99 in 1952, and $4,030.00 in 1953. In 1952 she also received $588 for tutoring and in 1953, $57 for the same services. Opinion KERN, Judge: The sole question presented is whether the amounts of money received by petitioner during the taxable years from her former husband were amounts fixed by the decree of the divorce court as sums "payable for the support of minor children of such husband." If they are, then they are not taxable to petitioner as alimony under section 22(k) of the Internal Revenue Code of 1939, from which we have already quoted. It seems obvious to us, after a careful consideration of the facts as above stated, that the divorce proceeding here involved was between a wife and a husband having a negligible amount of property and that the primary consideration of the parties, after the granting of the divorce and the division of a small amount of property, was for the care, custody and support of the two small children. As would be natural in a divorce case so unimportant *296 from the standpoint of property interests involved, no care was taken in the drafting of documents in connection with the future income tax problems of the parties. Despite the ambiguity of the divorce decree, we conclude that the state court intended to fix, and did fix, the weekly payments imposed on the husband as sums "payable for the support of minor children of such husband." Since we have concluded that the weekly payments ordered by the divorce court were sums payable for the support of the minor children in their entirety, the cases cited by respondent, such as Dora H. Moitoret, 7 T.C. 640, are not apposite. On the issue presented to us, we decide in favor of petitioner. Decision will be entered under Rule 50.