FRANCES HUMMEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54686.  Filed August 30, 1957.

*Thomas W. Hardesty, Esq.*, for the petitioner.
*James C. Bright, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax as follows:

| Year | Amount |
| --- | --- |
| 1949 | $147.90 |
| 1950 | 147.84 |
| 1951 | 261.00 |
| 1952 | 140.59 |

The only issue for decision is whether the Commissioner erred in including an amount representing alimony in the petitioner's income for each year.  The parties have filed a stipulation of facts which is adopted as the findings of fact.

The petitioner filed her individual income tax returns for the taxable years with the collector of internal revenue for the district of Kentucky.

The petitioner was divorced from Thomas Hummel on April 5, 1947, in the Campbell Circuit Court, Campbell County, Kentucky. She was awarded custody of the one child of the marriage, Christine Hummel, who was then 2 years of age.  The petitioner and Thomas Hummel entered into an agreement which was incorporated in the decree of divorce.  The agreement contained, *inter alia*, the following provision: "It is further agreed that the defendant, Thomas Hummel, shall pay to the plaintiff, Frances Hummel, the sum of $27.50 per week as alimony and maintenance of the child."

The Commissioner, in determining the deficiencies, added to the petitioner's reported income $1,420 for 1949, $1,430 for 1950 and and 1951, and $550 for 1952, as alimony.  He explained that those amounts, which she had received from her divorced husband under the divorce decree of April 5, 1947, were includible in her gross income under section 22 (k) of the Internal Revenue Code.

Section 22 (k) provides that periodic payments received by a divorced wife from her husband subsequent to the decree of divorce in discharge of a legal obligation which, because of the marital or family relationship is imposed upon the husband under such decree,

shall be includible in the gross income of the wife. It also provides that it shall not apply to that part of any such periodic payments "which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payments, as a sum which is payable for the support of minor children of such husband."

The Commissioner relies upon decisions of this Court holding that the entire amount of payments received by a wife from her divorced husband are taxable to the wife irrespective of how the money was used or expended, if no specific part or amount of the total payments was fixed or designated under the decree of the agreement as payable to the wife for the support of a child. *Dora H. Moitoret,* 7 T. C. 640; *Henrietta S. Seltzer,* 22 T. C. 203. Cf. *Richard B. Prickett,* 18 T.C. 872.

The petitioner contends that all, or at least some part, of the periodic payments should be recognized as paid for the support of the child, particularly since she spent more than the amount of the payments for the support and maintenance of the child. A similar situation existed in the *Moitoret* case, *supra.*

The petitioner also points to the stipulated facts showing that the master commissioner of the Campbell Circuit Court made a recommendation on December 12, 1952, that Frances Hummel "be awarded maintenance for the support of the infant child herein in the sum of TWENTY-TWO AND 50/100 ($22.50) DOLLARS per week until further order of the Court." That recommendation was confirmed by the judge of the court on March 9, 1953. The recommendation was made as a result of the request by Frances for an increase in the allowance for the maintenance of the child and a motion by Thomas to terminate all of the alimony requirements to be paid to Frances as of May 13, 1952, and to reduce the amount to be paid for the maintenance of the child to $15 a week. The recommendation and the confirmation which occurred later were in no way retroactive, corrected no error, and are of no significance in the decision of the present case. Cf. *Robert L. Daine,* 9 T. C. 47, affd. 168 F. 2d 449; *Peter Van Vlaanderen,* 10 T. C. 706, affd. 175 F. 2d 389; *Margaret Rice Sklar,* 21 T. C. 349. The payments here in question were not paid thereunder, but were made under and in accordance with the original decree of the court in which no amount was fixed as payment for support of the child. The character of those payments was not changed by subsequent events. The fact that $22.50 was "awarded" later as "maintenance for the support of the infant child" was not intended and does not serve retroactively to fix a similar amount of the prior payments as maintenance. The Commissioner did not err in taxing the entire amounts to the petitioner as alimony payments under section 22 (k).

The Commissioner conceded another issue.

*Decision will be entered under Rule 50.*