Constance B. Kirby, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 78849.   Filed November 22, 1960.

*Chester H. Wilson, Esq.*, for the petitioner.
*George H. Becker, Esq.*, for the respondent.

OPINION.

TURNER, *Judge:* Petitioner contends that none of the support money is taxable to her (1) because she and John were still husband and wife during the taxable year 1957, and (2) because she and John subsequently filed an amended joint return for 1957, which absolved her from tax.

Respondent, relying on section 71(a)(3) of the Internal Revenue Code of 1954 and section 1.71–1(b)(3) of the Income Tax Regulations, contends that the $3,900 received by petitioner in 1957 pursuant to the orders of the Indiana courts was taxable to her, irrespective of how much money was expended for the benefit of the child, and further, that the "amended" joint return, when filed, was not effective.

Section 71(a)(3) of the Code [3] taxes to the wife periodic payments of support received by a wife, who is separated from her husband, under a decree requiring the husband to make payments for her support or maintenance. Section 71(b) [3] provides that the foregoing section "shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband."

In support of her contention, petitioner cites *Commissioner* v. *Rankin*, 270 F. 2d 160, affirming a Memorandum Opinion of this Court, which held that payments received by the wife from her husband under a "support and maintenance" order of a Pennsylvania quarter sessions court were not includible in the wife's income, because the husband and wife, under Pennsylvania statutes, were not legally separated. That case was decided under section 22(k) of the 1939 Code, and in its opinion, the court made the following statement:

> It must be noted parenthetically that we are not concerned here with the impact of the enlarged alimony provisions, Section 71(a)(3) of the Internal Revenue Code of 1954 which relate to payments "of support or maintenance" "under a decree entered after March 1, 1954." We are not here required to construe the section cited with respect to its impact on support orders of quarter sessions courts in Pennsylvania under the Penal Code in view of the fact that the order in the instant situation was entered on October 19, 1951.

In the instant case, petitioner, in 1957, instituted a separation from bed and board action, and after a hearing, the court issued an order on March 19, 1957, requiring the husband to pay petitioner weekly support.

Section 1.71-1(b)(3) of the regulations provides as follows:

> (3) *Decree for support.*—(i) Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (3) of section 71(a) requires the inclusion in the gross income of the wife of periodic payments (whether or not made at regular intervals) received by her after August 16, 1954, from her husband under any type of court order or decree (including an interlocutory decree of divorce or a decree of alimony pendente lite) entered after March 1, 1954, requiring the husband to make the

---

[3] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

  (a) GENERAL RULE.—

    \*       \*       \*       \*       \*       \*

    (3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

  (b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

payments for her support or maintenance. It is not necessary for the wife to be legally separated or divorced from her husband under a court order or decree; nor is it necessary for the order or decree for support to be for the purpose of enforcing a written separation agreement.

While section 22(k), the applicable statute in the *Rankin* case, used the phrase "who is divorced or *legally* separated"(emphasis supplied), section 71(a)(3) omits the word "legally" before the word "separated." The omission is clarified in Senate Report No. 1662, 83d Congress, 2d Session, as follows:

Your committee has also added subsection (a)(3) to provide for the inclusion in the wife's income of periodic payments (whether or not made at regular intervals) received under a Court decree (entered after the enactment of the bill) which requires the husband to make the payments for the support or maintenance of the wife. Subsection (a)(3) is applicable only if the wife is separated from her husband, but such separation need not be under a decree nor need the payments be made to enforce a separation agreement. This paragraph also is not applicable if the husband and wife made a single return jointly.

It is apparent that *Commissioner* v. *Rankin, supra,* is not in point, since section 71(a)(3) is applicable so long as petitioner and her husband were separated and whether or not they were legally separated under State law. The order issued by the court on March 19, 1957, resulted from the action instituted by petitioner for separation from bed and board. It provided that the husband pay petitioner "$100.00 per week support," and the money she received under that order is taxable to her.

The same is true, we think, with respect to the amending order of November 4, 1957, which reduced the support payments to $75 per week, at which time Christopher Charles had been born to the marriage, and the order specified that the weekly payments should be made "for the support and maintenance of plaintiff and said infant son."

Petitioner argues that after the birth of the child a portion of the $3,900 received by her was expended on the child and that that portion is not taxable to her. There is nothing in the first order to permit an allocation of the payments, as there is no mention of a child. It was not until August 8, 1957, that the son was born. The amending order did direct that John pay $75 per week for the support and maintenance of petitioner and her son, but since the order did not fix "in terms" an amount or a part of the payment as being payable for the support of the child, as section 71(b) requires, there is no basis under the statute for allocation of any amount for the support of the child, and no allocation can be made. *Frances Hummel,* 28 T.C. 1131; *Dora H. Moitoret,* 7 T.C. 640. And proof of expenditures made for the benefit of the child does not supply a basis for allocation. *Frances Hummel, supra.* There must be a specific designation in the order on which an allocation can be based. *Frances Hummel, supra; Dora H. Moitoret, supra.*

Petitioner's final argument is that she and John did file a joint return, which, pursuant to the representations of the revenue agent and under the statute, absolved her from the tax. By its last sentence, section 71(a)(3) does provide that support payments are not gross income to the wife, if she and her husband make a single return jointly. That is not to say, however, that the wife has no income tax liability under such circumstances, since where an effective joint return is filed, the liability thereunder, if a tax is shown, is joint and several. Sec. 6013(b)(2) and (3), 1954 Code.

Under section 6013(b)(1), a husband and wife who have filed separate returns may still elect to file a joint return, and may file such a return within the period of the statute of limitations. But under section 6013(b)(2)(C), such election may not be made "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court of the United States within the time prescribed in section 6213."

Petitioner's position that a contract between her and the Government to the effect that an "amended" joint return would be accepted, when filed, and she would thereby be absolved of the tax was entered into at the conference with the revenue agent, is not well taken. From her testimony, it would appear that the revenue agent did make a suggestion to her as to what could have been done at that time. Under the statute, an effective joint return may not be filed after a notice of deficiency has been mailed to either spouse and a petition with the Tax Court has been filed within the time prescribed therefor, and under no circumstances could a revenue agent waive the statutory conditions under which an effective joint return could be filed.

Even though petitioner and John did file a joint return within the period of the statute of limitations, the filing thereof was after the petition herein had been filed, and it did not constitute an effective return within the meaning of sections 71(a)(3) and 6013(b)(2)(C). It follows that the provisions of section 71(a)(3) do apply, and we so hold.

*Decision will be entered for the respondent.*