Ruth W. Cooper v. Commissioner.
Cooper v. Commissioner
Docket No. 90096.
United States Tax Court
T.C. Memo 1962-226; 1962 Tax Ct. Memo LEXIS 83; 21 T.C.M. (CCH) 1190; T.C.M. (RIA) 62226; September 24, 1962
Ruth W. Cooper, pro se, 8932 State Ave., Kansas City, Kan. Hugh C. McMahon, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1957 in the amount of $279.54. Respondent now concedes that petitioner is entitled to an additional interest deduction in the amount of $25.31 and that petitioner is entitled to a dependency exemption for her daughter Patricia. Petitioner concedes that she overstated her deductions in the amount of $20. The principal issue remaining for decision *84 is whether the amount of $1,005 received by petitioner from her husband pursuant to a court order constitutes gross income within the meaning of section 71(a)(3) of the Internal Revenue Code of 1954. [1]
If the answer to this question is in the affirmative, petitioner contends that section 71 is unconstitutional in that it denies to petitioner the equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, a resident of Bethel, Kansas, during 1957, filed her individual income tax return for the year 1957 with the district director of internal revenue at Wichita, Kansas. Petitioner was formerly the wife of Howard Cooper (hereinafter referred to as Howard), whom she had married on September 9, 1934, in Olathe, Kansas. On or about February 22, 1957, Howard moved out of the family home located in Bethel, Kansas, and has never returned. On February 28, 1957, petitioner filed a petition for separate maintenance in the District Court of Wyandotte *85 County, Kansas. On the same day the following Journal Entry was placed in the records of the District Court of Wyandotte County, Kansas: Now on this 28 day of February, 1957, comes on for hearing before the court, the verified petition of the plaintiff, wherein she asks for an order for the support of plaintiff and the minor child, and for attorney's fees; said plaintiff appearing by and through her attorneys, Carson and Dear; and the Court, being well and fully advised in the premises, and for good cause shown, doth find: That an order should be entered as and for her support and for attorney's fees, as set out in said verified petition. IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED: That the defendant be, and he is hereby ordered to pay to the plaintiff, the sum of $35.00 per week, as and for support for plaintiff and the minor child, and in addition thereto, the defendant be and he is hereby ordered to pay to the plaintiff, at the first of each month, the sum of $45.00 to make the house payment; and this order shall become effective upon service of summons and a copy of this order being served on the defendant herein and shall thereafter continue until *86 the further order of this Court. AND IT IS FURTHER ORDERED: That defendant shall pay the sum of $150.00 to plaintiff's attorneys as and for attorneys' fees, payable one-half in thirty days and the balance in sixty days. The order was signed by Judge O. Q. Claflin, III. Pursuant to the order of Judge Claflin, the petitioner received from her husband during the period February 28, 1957, to November 12, 1957, sums totalling $1,005. On November 12, 1957, the District Court of Wyandotte County, Kansas, ordered that petitioner and her husband be divorced, one from the other, and that the bonds of matrimony heretofore existing between said parties be dissolved, set aside and held for naught, and said parties released from all obligations thereunder. On her income tax return for 1957 petitioner reported as income received from her husband the sum of $305. The respondent determined that the unreported balance of the amounts received by petitioner from Howard between the period February 28, 1957, to November 12, 1957, namely $700, was also includable in petitioner's income. Opinion Petitioner contends that she is not taxable on the additional $700 because (1) the money was received *87 from her husband from whom she was neither legally separated nor divorced, and (2) the money was not alimony but was for the support of petitioner's minor child. Respondent contends (1) that periodic payments received by a wife from her husband are taxable under section 71(a)(3) even though the parties are not legally separated, and (2) that payments to petitioner for her support and that of her child are fully taxable to petitioner unless the decree or order providing for such payments expressly fixes the amount of each payment allocable to child support. Section 71(a)(3) provides that If a wife is separated from her husband, the wife's gross income includes periodic payments * * * received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. * * * Petitioner's husband left the family home on February 22, 1957. Thereafter, the petitioner instituted an action for separate maintenance against her husband. Pursuant to petitioner's complaint, the District Court of Wyandotte County, Kansas, issued an order requiring petitioner's husband to pay *88 the sum of $35 per week for the support of petitioner and her minor child. The requirements of section 71(a)(3) are met in the instant case, and a showing that petitioner was neither legally separated nor divorced from her husband or that the payments were made pursuant to an "order" rather than a "decree" will not preclude the statute's application. Constance B. Kirby, 35 T.C. 306 (1960); Florence Korman, 36 T.C. 654 (1961), affd. 298 F. 2d 444 (C.A. 2, 1962). Petitioner urges, however, that section 71(a)(3) is made inapplicable to the instant case by reason of section 71(b). Section 71(b) provides that Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * * The order in the instant case merely stated, inter alia, "That the defendant be, and he is hereby ordered to pay to the plaintiff, the sum of $35.00 per week, as and for support for plaintiff and the minor child." It is evident that no amount of money or no specified part of any *89 payment was fixed by the order as a sum payable for the support of the petitioner's child. In the absence of such an allocation in the order there is no basis for restricting the application of section 71(a)(3). Commissioner v. Lester, 366 U.S. 299 (1961); Eleanor C. Shomaker, 38 T.C. - (May 1, 1962), on appeal (C.A. 8, Sept. 10, 1962). Petitioner contends, finally, that section 71(a)(3) is unconstitutional since it violates the equal protection clause of the Fourteenth Amendment to the Constitution. [2] Petitioner's reliance on the Fourteenth Amendment is misplaced. The Supreme Court in Munn v. Illinois, 94 U.S. 113 (1876) held that the Fourteenth Amendment is a restriction upon action by the States and is not a limitation on the Federal Government.
It is also worthy of note that section *90 71 under circumstances quite similar to those presented in the instant case has withstood a challenge to its constitutionality under the due process clause of the Fifth Amendment. See Eleanor C. Shomaker, supra. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise indicated, all statutory references are to the I.R.C. of 1954.↩
2. Sec. 1 of the Fourteenth Amendment↩ provides, in part, that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."