Paula Newberry v. Commissioner.
Newberry v. Commissioner
Docket No. 4221-69 SC.
United States Tax Court
T.C. Memo 1970-248; 1970 Tax Ct. Memo LEXIS 110; 29 T.C.M. (CCH) 1086; T.C.M. (RIA) 70248; August 31, 1970, Filed *110 Held, payments to wife for her support pursuant to State court decree taxable to her. Paula Newberry, pro se, 10 Holden Place, Forest Hills, N. Y. Joseph F. Lynch, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $707.60 in the petitioner's 1966 Federal income tax. The issue for decision is whether support payments made to the petitioner by her husband pursuant to a State court decree awarding such payments for her support only are taxable to her where there has been neither a decree of divorce or of separate maintenance, nor a written separation agreement. Findings of Fact The petitioner, Paula Newberry, maintained her residence in Forest Hills, New York, at the time of filing her petition in this case. The petitioner *111 did not file a Federal income tax return for the taxable year 1966. Prior to December 6, 1965, the petitioner and Harry Newberry were married and separated. They continued to be separated throughout the taxable year 1966. On December 6, 1965, the petitioner obtained a decree from the Family Court of New York City, Queens County, modifying a prior decree of that court. Under the latter decree, the amount of support payments to be made by Harry Newberry was increased from $65 to $100 per week. The decree stated that the payments were to be used for "support for petitioner-wife only" and made no statement concerning payment of taxes of any kind. The payments at the increased rate were to continue indefinitely, and pursuant to the decree, payments were received by the petitioner in the taxable year 1966 in the aggregate amount of $5,200. Opinion The sole issue for decision is whether the support payments received in 1966 pursuant to a court decree are taxable to the petitioner under section 71(a)(3) of the Internal Revenue Code of 1954. [1]
Section 71(a)(3) provides: (3) Decree for *112 support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support for maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. 1087 Thus, such provision is applicable when: (1) There is a separation; (2) payments are made under a court decree entered after March 1, 1954; (3) the decree requires the payments to be made for the support or maintenance of the wife; (4) the payments constitute periodic payments within the meaning of such provision; and (5) the husband and wife do not file a single return jointly. There is no requirement under section 71(a)(3) that the husband and wife be separated under a decree or in accordance with a written separation agreement. Sec. 1.71-1(b)(3), Income Tax Regs.; Constance B. Kirby, 35 T.C. 306 (1960). Cf. Florence Korman, 36 T.C. 654 (1961). The facts of this case indicate that section 71(a)(3) clearly applies. The petitioner *113 and her husband were separated. There was, in December of 1965, a decree of the Family Court of New York City, Queens County, awarding support money and stating in terms that the money was to be paid by the husband for support of the wife only. In 1966, pursuant to the decree, the petitioner actually received periodic payments of $100 per week, a total of $5,200, and filed no Federal income tax return for that year, individually or jointly. The petitioner contends that the payments she received in 1966 are not taxable to her because it was the intent of Judge Felix of the Family Court that they not be so taxable. However, the decree plainly states that the payments are for the support of "petitioner-wife only," and no other words appear therein which affect tax consequences. Moreover, under section 71(a)(3), the support payments are taxable to the wife, and neither the intention of Judge Felix, nor the intention of the parties to the support decree, can relieve the wife of the responsibility of paying a tax on such support payments. See Burnet v. Harmel, 287 U.S. 103 (1932). Cf. Herman A. Moore Trust, 49 T.C. 430, 440 (1968). Accordingly, the petitioner's *114 contention is without merit. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩