LILIAN A. AVISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Avison v. Commissioner
Docket No. 17555-79.
United States Tax Court
T.C. Memo 1981-21; 1981 Tax Ct. Memo LEXIS 720; 41 T.C.M. (CCH) 728; T.C.M. (RIA) 81021; January 26, 1981. Gregg M. Anderson and Jean A. Deeds, for the petitioner. Michael Neil Gendelman and Chase Gibson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion for summary judgment filed November 4, 1980. Petitioner filed a statement in opposition to respondent's motion and a memorandum of points and authorities. A hearing on the motion was held on January 7, 1981, in Washington, D.C.
At issue is whether an "amended joint return" for 1977 filed by the petitioner and her husband on November 8, 1979, after *722 the notice of deficiency was mailed to her, constitutes a valid return affecting the computation of minimum tax under section 58(a), Internal Revenue Code. [1]
Respondent determined a deficiency of $ 419 in petitioner's Federal income tax for 1977. The undisputed facts may be summarized as follows. Petitioner was a legal resident of San Carlos, California, when she filed her petition in this case on December 26, 1979. She timely filed a Federal income tax return for the year 1977 as a married person, filing separately. On Schedule D of her return the petitioner reported $ 15,585 of net long-term capital gain. She deducted 50 percent ($ 7,793) of the net long-term capital gain under section 1202. Petitioner did not report any portion of the net long-term capital gain as an item of tax preference subject to minimum tax under section 57(a)(9)(A), nor did the return reflect the inclusion of minimum tax with respect to this item. On August 30, 1978, respondent's agent sent a letter to petitioner at the address shown on *723 her tax return informing her that a computation of her minimum tax liability for 1977 was required. On September 20, 1978, petitioner's attorney sent a letter to respondent, acknowledging receipt of the letter dated August 30th, and informing respondent that the petitioner and her spouse would file a joint return and eliminate the minimum tax. Having not received an amended joint return within a reasonable period of time, respondent mailed a 30-day letter to the petitioner at the address shown on her 1977 return. This letter was returned to respondent as undeliverable and nonforwardable. On October 11, 1979, respondent mailed a statutory notice of deficiency for the year 1977 to the petitioner at her current address. On November 8, 1979, a document designated as an "amended return" of William and Lilian A. Avison for the year 1977 was received by the Fresno Service Center of the Internal Revenue Service. The document was mailed on November 6, 1979. On December 26, 1979, the petitioner filed her petition with the Tax Court for the year 1977. Petitioner claims that section 58(a) is inapplicable and that she is not liable for minimum tax because she filed an "amended *724 joint return" with her spouse for the year 1977 and the items of tax preference reported on that return are less than $ 10,000. In essence, the petitioner contends that respondent's failure to forward the 30-day letter to her "updated address" violated the spirit of respondent's procedures; that respondent had a duty to allow the petitioner to file a joint return before the notice of deficiency was mailed; and that, in any event, the "amended joint return" for 1977 is a valid return since it was mailed prior to the filing of the petition with the Tax Court. To the contrary, respondent contends that the petitioner's "amended joint return" is not a valid return and that the petitioner is liable for the minimum tax. We agree with the respondent. Section 56 provides in part: (a) General Rule.--In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater of-- (1) $ 10,000, or (2) the regular tax deduction for the taxable year (as determined under subsection (c)). Section 58 provides *725 in part: (a) Married Individuals Filing Separate Returns.--In the case of a married individual who files a separate return for the taxable year, section 56 shall be applied by substituting $ 5,000 for $ 10,000 each place it appears. Section 57 provides in part: (a) In General.--For purposes of this part, the items of tax preference are-- (9) Capital gains.-- (A) Individuals.--In the case of a taxpayer other than a corporation, an amount equal to one-half of the net capital gain for the taxable year. The "amended joint return" filed by petitioner and her spouse was mailed after the statutory notice of deficiency upon which this case is based was sent to petitioner. Petitioner timely filed a petition with the Tax Court in respect to that notice. Therefore, the "amended joint return" is not a valid return. Section 6013 of the Code provides in part: (a) Joint Returns.--A husband and wife may make a single return jointly of income taxes * * * except as provided below: (b) Joint Return After Filing Separate Return.-- (1) In general.--Except as provided in paragraph (2), if an individual has filed a separate return for a taxable year for which a joint return could have *726 been made by him and his spouse under subsection (a) and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year. * * * (2) Limitations for making of election.--The election provided for in paragraph (1) may not be made-- (C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; * * * Under this statute an effective joint return may not be filed after a notice of deficiency has been mailed to either spouse, and a petition has been filed with the Tax Court within the time prescribed therefor. Jacobson v. Commissioner,73 T.C. 610, 614-615 (1979); Kirby v. Commissioner, 35 T.C. 306, 311 (1960); Tobjy v. Commissioner, T.C. Memo. 1966-265; Speer v. Commissioner, T.C. Memo. 1962-220. Here the petitioner was notified by the Fresno Service Center of the Internal Revenue Service on August 30, 1978, that she failed to *727 compute her liability for minimum tax. On September 20, 1978, her attorney informed the Service that the petitioner would file a joint return with her spouse which would eliminate her liability for minimum tax, as the provisions of section 58(a) would not be applicable to the joint return, and as the items of tax preference of petitioner and her spouse were less than $ 10,000. However, petitioner failed to file her amended return prior to October 11, 1979, the date the notice of deficiency was mailed to her. In fact, the "amended joint return" was not received by respondent until November 8, 1979, over 14 months after respondent informed petitioner of her liability for minimum tax. Although petitioner, through her attorney, expressed an intent to file a joint return prior to the mailing of the statutory notice, such intent, by itself, is insufficient to avoid the application of section 6013(b)(2)(C). Actual filing of the joint return prior to the mailing of the statutory notice is required. Simply informing respondent, or his agents, of an intention to file an amended joint return is not an effective election to file a joint return. Speer v. Commissioner, supra; *728 Saniewski v. Commissioner, T.C. Memo. 1979-337; Shapland v. Commissioner, T.C. Memo. 1979-300. Even if respondent had violated the spirit of his own procedures in connection with the mailing of the 30-day letter, which is highly doubtful, we will not look behind the deficiency notice to examine the propriety of respondent's motives, actions or procedures. Luhring v. Glotzbach, 304 F.2d 560 (4th Cir. 1962); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); and Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Accordingly, since there is no genuine issue of material fact, we hold as a matter of law that the petitioner's "amended joint return" is not a valid return. Since the return filed by petitioner as a married person, filing separately, is the only valid return filed by her for 1977, it follows that she is liable for minimum tax on items of tax preference, i.e., one-half of the net long-term capital gain reported by her to the extent it exceeds $ 5,000. Therefore, respondent's motion for summary judgment will be granted. *729 An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during 1977, unless otherwise indicated.↩