STEVEN VELCICKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Velcicky v. Commissioner
Docket No. 30098-81
United States Tax Court
T.C. Memo 1983-215; 1983 Tax Ct. Memo LEXIS 572; 45 T.C.M. (CCH) 1361; T.C.M. (RIA) 83215; April 20, 1983. Steven Velcicky, pro se. Warren P. Simonsen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency *575 in petitioner's Federal income tax for the calendar year 1978 in the amount of $5,072.34. In his petition the petitioner has claimed an overpayment in the amount of $162.99. After concessions, the issues for decision are as follows: (1) Whether petitioner is entitled to file a joint return after having originally filed a separate return. (2) If he is not entitled to file a joint return, whether petitioner must include in income the "unused zero bracket amount" under section 63(b)(2). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly.
Petitioner resided in McLean, Virginia at the time that he filed his petition in this case. He filed a Federal income tax return for the calendar year 1978 with the Internal Revenue Service Center at Memphis, Tennessee. Petitioner was married throughout 1978. However, he and his wife filed separate returns for that year. All itemized deductions were allocated to the wife, who claimed them on her return. Accordingly, petitioner had no itemized deductions *576 to claim on his return. Because the tax imposed on married individuals filing joint returns is generally less than the combined taxes imposed on married individuals filing separate returns, compare section 1(a) with section 1(d), petitioner at trial sought to file a joint return for 1978 with his wife. OPINION Issue 1. Joint Return After Filing Separate Return
Although a husband and wife are separate taxpayers under the Internal Revenue Code, see Coerver v. Commissioner,36 T.C. 252, 254 (1961), affd. per curiam 297 F.2d 837 (3d Cir. 1962), section 6013(a) gives them the right (except under circumstances not relevant herein) to make a single return jointly of income taxes under Subtitle A. A taxpayer's right to file a joint return after having originally filed a separate return is governed by section 6013(b). Insofar as that section is relevant to this case, it provides as follows: (b) JOINT RETURN AFTER FILING SEPARATE RETURN.-- (1) IN GENERAL.--Except as provided in paragraph (2), if an individual has filed separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection *577 (a) and the time prescribed by law for filing and return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year. * * * (2) LIMITATIONS FOR MAKING OF ELECTION.--The election provided for in paragraph (1) may not be made-- (B) after the expiration of 3 years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse); or (C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213. See also section 1.6013-2(a) and (b), Income Tax Regs.
It is clear from the foregoing that petitioner has lost his right to make a joint return with his wife because of the limitations set forth in section 6013(b)(2)(B) and (C). The first limitation applies because more than three years have passed from the last date prescribed by law for filing the return for 1978, i.e., April 15, 1979. Section 6072(a). See Druker v. Commissioner,77 T.C. 867, 873 (1981), *578 affd. on this issue 697 F.2d 46, 51-52 (2d Cir. 1982). The second limitation applies because respondent mailed to petitioner a notice of deficiency for 1978 and petitioner timely filed a petition with this Court in respect of that notice. See Druker v. Commissioner,supra at 873-874; Jacobson v. Commissioner,73 T.C. 610, 614-616 (1979); Richardson v. Commissioner,72 T.C. 818, 826 (1979); Kirby v. Commissioner,35 T.C. 306, 311 (1960). Although petitioner may have been confused by the Commissioner's communications to him about certain employment tax liabilities incurred in respect of his used car business, [2] the fact remains that section 6013(b)(2) clearly limits the right of a taxpayer to file a joint return after having originally filed a separate return. *579 Accordingly, we must decide this issue for respondent. Issue 2. Unused Zero Bracket Amount
Generally, a tax may be expressed as the product of a base and a rate. For purposes of the tax imposed by section 1, the base is taxable income. In the case of an individual, the term "taxable income" is defined by section 63(b) to mean adjusted gross income (1) reduced by the sum of-- (A) the excess itemized deductions [as defined by section 63(c)], and (B) the deductions for personal exemptions provided by section 151, and (2) increased (in the case of an individual for whom an unused zero bracket amount computation is provided by subsection (e)) by the unused zero bracket amount (if any). [Emphasis added.] Insofar as section 63(e) is relevant to this case, it provides as follows: (e) UNUSED ZERO BRACKET AMOUNT.-- (1) INDIVIDUALS FOR WHOM COMPUTATION MUST BE MADE.--A computation for the taxable year shall be made under this subsection for the following individuals: (A) a married individual filing a separate return where either spouse itemizes deductions, (2) COMPUTATION.--For purposes of this subtitle, an individual's unused zero bracket amount for the *580 taxable year is an amount equal to the excess (if any) of-- (A) the zero bracket amount, over (B) the itemized deductions [as defined by section 63(f)]. In the case of a married individual filing a separate return, the zero bracket amount for 1978 was $1,600. Section 63(d)(3). Because petitioner's spouse itemized deductions for 1978 and because petitioner had no itemized deductions for that year, his unused zero bracket amount was $1,600. Section 63(e)(2). Accordingly, he must include that amount in income for 1978. [3] Section 63(b)(2). *581 To reflect the concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year 1978.↩
2. We take this opportunity to note that this Court has no jurisdiction over employment taxes. Sections 7442, 6211-6215; Rule 13(a) and (c), Tax Court Rules of Practice and Procedure. See Judd v. Commissioner,74 T.C. 651, 653 (1980); Wilt v. Commissioner,60 T.C. 977, 978↩ (1973). Petitioner must administratively resolve any issues involving such taxes with respondent or litigate them in the appropriate forum.
3. In his trial memorandum petitioner evidences some confusion concerning the appropriate schedule to be used in computing the Chapter 1 component of his income tax deficiency. We think the Rule 155 phase of this case may proceed more smoothly if we briefly comment on this matter. In the notice of deficiency respondent determined that petitioner's taxable income for 1978 was $18,861.18, a determination which our Opinion sustains. Because this amount is less than $20,000, petitioner thinks that his tax liability should be computed by reference to Tax Table C. However, a taxpayer may use this tax table only if his or her tax table income (i.e., income per line 34 of the 1978 Form 1940) does not exceed $20,000. To convert taxable income to tax table income one must add to the former the deductions for personal exemptions provided by section 151. In this case that sum ($18,861.18 + $2,250) exceeds $20,000. Tax Table C is therefore inapplicable. The tax computation must be made by reference to Schedule TC and either Tax Rate Schedule Y (married filing separately) or Schedule G (income averaging).↩