EDWARD S. MAZANEK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mazanek v. Commissioner
Docket No. 11899-83.
United States Tax Court
T.C. Memo 1984-633; 1984 Tax Ct. Memo LEXIS 43; 49 T.C.M. (CCH) 246; T.C.M. (RIA) 84633; December 5, 1984. Edward S. Mazanek, pro se. Arlene A. Blume, for respondent. COHEN MEMORANDUM *44 FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiencies
Sec. 6653(a) [1]
1979
$5,475
$273.75
1980
4,479
223.95
The issues to be decided are whether petitioner is entitled to have his income tax calculated by using joint returns rates and whether he is liable for the additions to tax for negligence. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated herein by this reference. Petitioner resided in Baltimore, Maryland, when he filed his petition in this case. Petitioner has been married to Lillian Mazanek since 1939. Petitioner and his wife filed joint individual income tax returns for the years 1963, 1965, 1969, 1972, 1973, 1974, 1982, and 1983. For the years 1979 and 1980, petitioner filed income tax returns on which he reported his filing status as married filing separately. On those returns, he reported wages *45 of $6,464.25 for 1979 and $5,135.97 for 1980. On his return for 1979, he reported $995.66 interest income. Petitioner retired in August 1970 from his employment with the United States Post Office. During 1979 and 1980, petitioner received $10,608 and $11,991, respectively, in retirement benefits. For each of those years, the retirement benefits received by petitioner were reported on Forms W-2P(A), Statement for Federal Civil Service Annuitants, sent to petitioner. Each of those statements reflected that the type of annuity payments was "non-disability" and that none of the amounts paid represented recovery of petitioner's original contributions to the annuity plan. Petitioner did not report these retirement benefits on his income tax returns for the years in issue. During 1979 and 1980, petitioner received interest income from seven accounts held jointly with his wife, from one account in his name, and from another account held by him as trustee for himself and his wife. Those accounts earned $7,595 in interest in 1979 and $2,162 interest in 1980. With the exception of $995.66 reported in 1979 as set forth above, none of this interest was reported on petitioner's tax returns *46 for the years in issue. Petitioner's wife also had in her name two savings accounts that earned interest of $188 in 1979 and $231 in 1980. The petition filed herein did not dispute the inclusion of the retirement benefits or interest earned in computing petitioner's tax liabilities for 1979 or 1980. The petition indicated that the additions to tax were in dispute and that petitioner contended that joint return rates should have been used in calculating the amount of tax due. Petitioner's wife joined in the petition, but the petition was dismissed as to her on respondent's motion because no notice of deficiency had been sent to her. At trial, however, respondent stipulated that two of the savings accounts involved in this case were held by petitioner's wife. OPINION At the time of trial, petitioner confirmed that he was not contesting the unreported annuity income determined by respondent. Petitioner's only explanation as to why he failed to report the retirement benefits he received on his 1979 and 1980 tax returns is that he thought that he was a disabled pensioner. He provided no basis for concluding that he reasonably believed that he was entitled to exclude *47 his pension under section 105(d). His reported earnings during the years in issue negate the applicability of the exclusion, which requires that the taxpayer be unable to engage in any substantial gainful activity. See section 105(d)(4). The amounts received were therefore includable in income under section 61(a)(11), and petitioner has failed to prove that his failure to report them was not due to negligence or intentional disregard of rules and regulations. See Bixby v. Commissioner,58 T.C. 757, 791 (1972); Rule 142(a), Tax Court Rules of Practice and Procedure. The additions to tax for negligence under section 6653(a) must therefore be sustained. Petitioner's only explanation as to his failure to report the interest income he earned was that the income was "mostly" his wife's. His wife, however, had not worked since shortly after their marriage in 1939. Although petitioner testified that his wife had some money prior to the marriage, he did not provide any evidence of the amount of such money. The funds in the various savings accounts from time to time were used for the acquisition of joint assets. The interest reported by petitioner during *48 1979 was apparently interest on accounts jointly held, and interest earned during 1980 on one of these same accounts was not reported at all.The failure of petitioner to report his interest is thus a separate ground for sustaining the imposition of the addition to tax for negligence. Petitioner contends that he erroneously filed his returns for 1979 and 1980 as a married person filing separately because he was confused by instructions received from the Internal Revenue Service. He further contends that his attempts to amend the returns to file joint returns with his wife were frustrated by the failure of the Internal Revenue Service to provide him with the necessary forms and by conflicting statements of Internal Revenue Service agents. Petitioner has not specified the instructions that he contends confused or misled him with respect to filing of joint returns. In any event, even if we were to assume that he was given erroneous, misleading, or inconsistent advice by agents of the Internal Revenue Service, respondent would not be bound by that advice. See Dixon v. United States,381 U.S. 68, 72-73 (1965); Automobile Club of Michigan v. Commissioner,353 U.S. 180, 183 (1957). *49 Once a timely petition has been filed with this Court, the election of joint return rates is untimely and cannot be allowed. Section 6013(b)(2)(C); see Kirby v. Commissioner,35 T.C. 306, 311 (1960). Petitioner complains that it is inconsistent to determine that he had unreported income from accounts held by his wife while rejecting his attempt to have his tax calculated by applying joint return rates. Respondent has now stipulated that petitioner's wife held two of the accounts (referred to in making the determination set forth in the notice of deficiency), on which she received interest totaling $188 in 1979 and $231 in 1980. Therefore, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩